# CASES DETERMINED

## January Term, 1885.

---

RASMUSSEN, Plaintiff in error, vs. THE STATE, Defendant in error.

*March 9 — March 31, 1885.*

63  1
88 156

63  1
101 165

CRIMINAL LAW AND PRACTICE. *(1, 2) Variance: Amendment of complaint: Pleading anew. (3) Appeal from J. P.: Trial de novo: Conviction of greater offense. (4) Payment of fine: Waiver of writ of error.*

1. On appeal from a conviction of an assault in a justice's court the circuit court may permit the complaint, warrant, and proceedings to be amended so as to state correctly the name of the complaining witness.
2. In such case a new complaint need not be drawn; and the plea of not guilty entered in the justice's court may stand as to the amended complaint.
3. On appeal from a conviction of a simple assault, the whole case is open for trial *de novo*, and the defendant may be convicted in the circuit court of an assault and battery.
4. Payment into court of the amount of the fine imposed and the costs is not a waiver of the right to a review of the judgment by writ of error.

ERROR to the Circuit Court for *Racine* County.

The facts will sufficiently appear from the opinion.

For the plaintiff in error the cause was submitted on the brief of *Wm. Crosten.*

For the defendant in error there was a brief by the *At-*

*torney General*, and oral argument by *H. W. Chynoweth*, Assistant Attorney General.

COLE, C. J. The name of the complainant,— who was the assaulted person,— as signed to the complaint made before the justice, was A. L. Solomon; but in the reciting part of the complaint, as well as in the warrant, the name was stated to be Dayo Solomon. No objection was taken on the trial in the justice's court to the variance between the name as stated in the complaint and warrant, and as sworn to by the complainant. The defendant was convicted of a simple assault before the justice and took an appeal. In the circuit court he moved to dismiss the complaint because of this variance in the name. The court denied the motion, and allowed the prosecution to amend the complaint, warrant, and proceedings by striking out the name of Dayo Solomon and inserting in its stead the name Anders Leo Solomon.

There can be no doubt of the power of the court to allow the amendment. The statute clearly provides that any court of record, in which the trial of an indictment or information is had, may forthwith allow an amendment in case of a variance between the statement in the indictment or information and proof in the name or description of the person. Sec. 4703, R. S. See, also, sec. 4742. It seems idle to deny the authority of the court to allow the amendment which was made to the complaint and warrant, in the face of such a statute. See *State v. Jenkins*, 60 Wis. 599; *Reg. v. Frost*, 1 Dears. Cr. Cas. 474; *Reg. v. Welton*, 9 Cox's Cr. Cas. 297.

It was certainly unnecessary to draw a new complaint with the amendment inserted therein. The order of the court allowing the amendment would remain a part of the record of the cause. But it is objected that the defendant was not required to plead to the amended complaint. He

Rasmussen vs. The State.

had, however, entered the plea of not guilty before the justice, and this plea would stand as to the amended complaint.

The defendant was convicted in the circuit court of an assault and battery. It is now claimed by his counsel that he could not be convicted of a higher offense than a simple assault, of which he had been found guilty in the justice's court. We think this position untenable. It is true, this court has held in cases of homicide where the accused was found guilty, for instance, of murder in the second degree, that this was virtually an acquittal of a higher crime, of which he could not be convicted on a new trial. *State v. Martin,* 30 Wis. 216; *State v. Belden,* 33 Wis. 120. But we think that rule should not be extended to a case like the present. Where a party takes an appeal from a justice's judgment in a criminal case, the effect of the appeal is to open the whole case for a trial *de novo* in the circuit court. The case is tried in that court as though originally brought there, and the court awards sentence on the conviction without any regard to the judgment rendered by the justice. *State v. Haas,* 52 Wis. 407; *State v. Tall,* 56 Wis. 577; *Steuer v. State,* 59 Wis. 472. It may be said that a new trial, in a case of homicide, effectually extinguishes the former conviction, and opens the whole case for a trial *de novo.* But, as we have said, the rule which has been established in the latter class of cases should not be extended to a mere misdemeanor.

It appears that the defendant paid into court the amount of the fine imposed, and costs. The learned assistant attorney general insists that this should be deemed a waiver of his right to a review of the case on a writ of error. But we think otherwise. We shall not discuss the question here, because we feel obliged to affirm the judgment on the merits.

*By the Court.*— The judgment of the circuit court is affirmed.