## FRANK CHAMBERS v. THE STATE.

### No. 2351. Decided May 7, 1902.

**1.—Theft of Cattle—Plea of Former Acquittal.**

On a trial for theft of cattle, defendant pleaded former acquittal, in that on a previous trial the court submitted the issues of theft and fraudulently driving from the accustomed range, and the verdict being general, the jury may have convicted of the latter offense, and if so, he could not again be tried for the theft. Held, there was no acquittal of theft in the former conviction; the former judgment was for theft, and the conviction having been set aside on appeal, at the instance of defendant, the court did not err in sustaining the State's demurrer to said plea of former acquittal.

**2.—Same—Taking Under Honest Belief—Charge of Court.**

On a trial for theft of cattle, where the theory of the defendant, supported by the evidence herein introduced, was that he took the animal believing it to be one he had been authorized and requested to take by one R., it was not error for the court to submit to the jury the issue of defendant's honest belief in assuming control, taking and driving it away.

Appeal from the District Court of Kaufman. Tried below before Hon. J. E. Dillard.

Appeal from a conviction of cattle theft; penalty, two years imprisonment in the penitentiary.

No statement necessary.

*S. H. Jack,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of cattle theft, and given two years in the penitentiary.

When the case was called for trial, appellant filed what he terms his plea of "former acquittal," the substance of which is that on a former trial the court limited the consideration of the jury to the first count, virtually instructing them to disregard the second count. The first count is in the ordinary form charging theft of cattle. This issue was submitted to the jury by the charge of the court on the former trial;

and the court further instructed the jury that they might convict defendant of fraudulently driving the cow from its accustomed range, etc. The jury returned a general verdict, finding appellant guilty as charged in the indictment. This judgment was reversed on the former appeal, because the court sumbitted the second issue. Chambers v. State, 1 Texas Ct. Rep., 109. The point, as we gather from the plea is that, because the court submitted the issue of fraudulently driving from the range, and the jury may have convicted of this offense and not of the theft, he could not be tried again for theft. This point is not well taken, for two reasons; first, a verdict of this sort is uncertain and will be set aside upon the application of the defendant, if proper exception be taken in the court below; and second, whatever punishment was found under the general verdict was set aside at the defendant's instigation. There was no acquittal of theft under the former conviction. While the jury returned a general verdict of guilty as charged in the indictment, the court, in rendering the judgment upon the verdict, did so for theft, and not for fraudulently driving from the range. He was therefore, under the former appeal, as shown by the judgment in the record, convicted of theft, as he was also on this appeal; and there was no acquittal, but a conviction, which was set aside at the instance of defendant on appeal. The court, therefore, did not err in sustaining the State's demurrer to the plea of former acquittal.

The court in substance charged the jury: If James Roberts informed defendant that one Mulligan ran away, and left some cattle running on the range, and said Roberts gave appellant a description of the cattle with the request that defendant look after them and drive them up, if he could find them, and that appellant found said animal in a certain described pasture, and took it in possession and drove it and placed it with Roberts' cattle, and that at the time he took the animal in possession he honestly believed it was one of the Mulligan cattle, and he in good faith drove it and placed it with Roberts' cattle for the purpose of placing it under the control of Mulligan or Roberts, and without any intention of appropriating it to his own use and benefit, they should acquit. Or if they had a reasonable doubt upon these matters, they should acquit. This is objected to because it placed a greater burden upon defendant than the law required; and second, because the charge went too far in saying to the jury that it required good faith on the part of appellant in driving the animal away from the pasture and putting it with Roberts' cattle. We do not so understand the charge. It submitted the very facts upon which defendant relied to excuse himself for driving the cow; and it further submitted pertinently the issue, if defendant honestly believed it was one of the Mulligan cattle, that they should acquit; and further, if they had a reasonable doubt upon these propositions, then to give him the benefit of that, and acquit him. Chambers' theory, which was supported by the testimony introduced on the trial, was that he took the animal believing it to be a cow which Roberts described to him as being one of the Mulligan cattle; and, tak-

ing it under that belief, that he drove it from Kaufman into Ellis County, and placed it with Roberts' cattle. He so testified, and was corroborated by Roberts. Mrs. Roberts, however, testified that appellant told her that he had stolen the cow, as he also told another witness in the case. We think appellant's defense was fairly submitted by the court to the jury; and the court did not go too far in submitting to the jury appellant's honest belief in assuming control of the cow and driving it away. The authorities all sustain this proposition, so far as we are advised.

As the record is presented to us, there is no reversible error, and the judgment is affirmed.

*Affirmed.*