## In re McCABE.

### (No. 1,982.)

(Submitted October 6, 1903. Decided October 26, 1903.)

*Criminal Law—Extortion—Threat to Discharge Employe.*

Under Penal Code, Section 7, providing that the words "personal property" in the Code shall include money, goods, chattels, things in action, and evidences of debt, an employe's right to work is not property; therefore a complaint charging a foreman with extorting money from an employe by a threat to discharge him did not charge the crime of extortion defined by Penal Code, Section 911, providing that fear such as will constitute extortion may be induced by a threat to do an unlawful injury to the person or property of the individual threatened.

APPLICATION by William McCabe for a writ of *habeas corpus.* Petioner discharged.

*Mr. J. H. Duffy,* and *Mr. J. H. Tolan,* for Petitioner.

*Mr. W. H. Trippet,* and *Mr. J. J. McCaffery,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On July 16, 1903, a complaint was filed in the justice of the peace court of Thos. F. Murphy, in Anaconda township, Deer Lodge county, charging the petitioner, Wm. McCabe, with the crime of extortion, committed on July 10, 1903.

The complaint alleges that one Louis Stanesich was employed by the Anaconda Copper Mining Company to perform work

and labor at $2.50 per day; that petitioner was employed by the same company as a foreman, under whose direction Stanesich was working; that while these parties were so engaged the petitioner unlawfully obtained from the said Stanesich the sum of $10, and that such sum was obtained from Stanesich with his consent, induced by the wrongful use of a threat made by the petitioner to do an unlawful injury to the property of Stanesich, to-wit, a threat by petitioner to discharge Stanesich from his employment unless he paid to the petitioner the sum named.

To this complaint the petitioner entered a plea of not guilty, and upon a preliminary examination he was held to answer the charge in the district court, and committed to the custody of the sheriff of Deer Lodge county. Thereafter the petitioner sued out a writ of *habeas corpus,* which was made returnable before this court. The return of the sheriff shows that the petitioner is detained by virtue of the commitment issued by the justice of the peace court upon the conslusion of the preliminary examination. The sheriff also attaches to and makes a part of his return a copy of the information filed in the district court charging the petitioner with the same offense as that charged in the complaint.

The cause was heard upon the petition, which contains a copy of the complaint, and also a copy of the testimony given before the committing magistrate, and the sheriff's return.

The prosecution was instituted under the provisions of Sections 910 and 911 of the Penal Code, which read as follows:

"Sec. 910. Extortion is the obtaining property from another with his consent induced by wrongful use of force or fear or under color of official right.

"Sec. 911. Fear, such as will constitute extortion, may be induced by a threat either (1) to do an unlawful injury to the person or property of the individual threatened, or (2) to any relative of his, or member of his family.   *   *   *"

Upon the hearing it was conceded by counsel for both parties that the entire matter is to be determined by the interpretation given to Subdivision 1 of Section 911, *supra.*

What is meant by the expression, "to do an unlawful injury to the *property* of the individual threatened"? If the employment of Stanesich, or his right to work, is property within the meaning of the term as used above, then there was probable cause to believe the petitioner guilty of the crime charged against him; if it is not property within the meaning of that term, then no crime is charged in the complaint or information, and the petitioner is entitled to be discharged.

Section 7 of the Penal Code reads as follows: "7   *   *   * The following words, [also] have in this Code the signification attached to them in this section, unless otherwise apparent from the context:   *   *   *   10. The word 'property' includes both real and personal property.  11. The words 'real property' are co-extensive with lands, tenements and hereditaments.  12. The words 'personal property' include money, goods, chattels, things in action, and evidences of debt.   *   *   *"

However lamentable it is that our lawmakers saw fit to so circumscribe the meaning of the term "property," or to omit to include in Section 911 above a threat against one's employment, it is sufficient for us to say they did so, and declare the law as we find it, not as we might wish it to be.

Applying the definition given in Section 7, *supra,* to the facts of this case, and it becomes quite apparent that the lawmakers never contemplated that the term "property" should be made to include manual labor, or the right of an employe to work. While the right to pursue one's lawful occupation untrammeled, save only by the law of the land, is recognized by our constitution as one of the inalienable rights of man, the same as his right to the free exercise of his religious profession, or his right to join a peaceable assembly for the common good, and to apply to those invested with the power of government for redress of grievance, it cannot be said to constitute property within the definition of that term as used above.

Neither can we look beyond our Code for a definition of the term, or extend the scope of the meaning given it by reference to adjudicated cases in other jurisdictions where the term "prop-

erty" has been held to be comprehensive enough to include one's employment or right to work. Our Codes establish the law of this state respecting the subjects to which they relate.

It is ordered that the petitioner be discharged.