SCHULTZ, Plaintiff in error, vs. THE STATE, Defendant in error.

*November 29, 1907—January 8, 1908.*
*April 22—May 8, 1908.*

*Indictment: Election between offenses charged: Threats to accuse of crime or to injure person, property, or business: Statute: Construction: Amending indictment: Criminal law: Presumption that jury followed instructions: Construction of verdict: Jeopardy: New trial.*

1. Where an indictment under a statute contains but one count, though several violations are alleged in the conjunctive, a motion to compel the state to elect upon which branch of the indictment it would prosecute was properly denied.

2. A threat to accuse one of the crime of bribery by publication in a newspaper is not a threat to do an "injury to the person, property, business, profession, calling, or trade" of such person, within the meaning of sec. 4380, Stats. (1898), even though some such injury might incidentally result from the accusation.

3. Sec. 4380, Stats. (1898), does not make it a crime to threaten another to compel him against his will to do any act or to refrain from doing any lawful act. The gist of the offense defined by the statute is the threat to accuse another of crime or to do an injury to his person, property, or calling, *with intent* to extort money, etc., or to compel action or inaction. Such intent is a mere incident to the threat and dependent upon it, and where there is no such threat as the statute specifies there is no offense under it.

4. Amendments to an indictment, made at the close of the state's evidence, changing the dates of threats on which the indictment was based and the description of the business of the person threatened, were properly allowed, especially as they did not alter the indictment in substance nor prejudice defendant.

5. Where there is nothing in the record of a criminal case tending to show the contrary, it will be presumed on appeal that the jury· in reaching their verdict accepted the law as laid down by the court.

6. Where one of two offenses charged in an indictment was withdrawn by the trial court from the jury and they were instructed to consider only the second charge, a verdict of guilty as charged should be construed as meaning guilty as charged in the indictment under the instructions of the court.

7. An indictment under sec. 4380, Stats. (1898), alleging that defendant threatened to accuse a person of a crime and to do an injury to his person, property, or calling, charges two separate and distinct offenses.

8. An indictment under sec. 4380, Stats. (1898), charged that defendant threatened to accuse S. of the crime of bribery by publication in a newspaper and to do an injury to the person, property, business, profession, calling, or trade of S. with intent to extort money. The trial court instructed the jury to disregard the first and to consider only the second charge, on the ground that the threat to accuse of crime must be to accuse by judicial or public process. The jury found defendant guilty of the second charge. *Held*, that defendant was put in jeopardy on both charges. TIMLIN, J., dissents.

9. Defendant was charged with two distinct offenses and was found guilty of one. The other charge was withdrawn from the jury by the trial court. *Held*, that defendant's motion for a new trial, though general in form, referred solely to the issue raised upon the charge in respect to which there was a conviction.

10. By asking for a new trial on the second offense charged, defendant did not as to the first offense waive the jeopardy and open the case for a trial on both offenses.

ERROR to review a judgment of the municipal court of Milwaukee county: A. C. BRAZEE, Judge. *Reversed.*

This case comes here on writ of error to the municipal court of Milwaukee county. The plaintiff in error, hereinafter called the defendant, was convicted under sec. 4380, Stats. (1898), on the 29th day of June, 1907, and sentenced

to pay a fine of $500 and costs, and in default thereof be imprisoned in the house of correction of Milwaukee county for a period not exceeding one year. Sec. 4380, Stats. (1898), provides:

"Any person who shall, either verbally or by any written or printed communication, maliciously threaten to accuse another of any crime or offense, or to do any injury to the person, property, business, profession, calling or trade, or the profits and income of any business, profession, calling or trade of another, with intent thereby to extort money or any pecuniary advantage whatever, or with intent to compel the person so threatened to do any act against his will or omit to do any lawful act, shall be punished by imprisonment in the state prison not more than two years nor less than one year or by fine not exceeding five hundred dollars nor less than one hundred dollars."

The indictment set up that one Edward F. Strauss was a member of the county board of supervisors of Milwaukee county and that the awarding of a contract to Allen's Cornice & Corrugating Works was pending before the board, and that the board awarded the contract to said Allen's Cornice & Corrugating Works; that the defendant, knowing the facts and being a newspaper reporter, knowingly and maliciously threatened to accuse Strauss of having theretofore committed the crime of bribery; that the threat was substantially as follows:

"I know you had a corrupt agreement with the Allen's Cornice & Corrugating Works, and that you voted corruptly to allow them the contract for the repairing and replacing of the roof and gutters on the old county hospital building, and if you do not give me fifty dollars I will expose you and open up on you by putting a line in the paper tomorrow."

The threat, it is alleged, was made with intent on defendant's part corruptly to extort from Strauss the sum of $50 and to compel him to do an act against his will; that defendant did by said threat further maliciously threaten to

injure the person, property, business, and calling of said Strauss and to damage and destroy his business, he being a member of the county board and engaged in the liquor and restaurant business; that by reason of said threat and to prevent the threatened injury Strauss paid defendant $50, and defendant did corruptly and extorsively demand and receive the same. The defendant pleaded not guilty, and on the opening of the trial moved that the state be required to elect upon which part of the indictment it would prosecute, and at the close of the state's case, and also at the close of all the evidence, moved for dismissal, which motions were denied. At the close of the evidence on the part of the state the court allowed the indictment to be amended to conform to the proof. Motions for new trial and in arrest of judgment were denied, and the defendant assigns error.

*James L. O'Connor* and *Thomas M. Kearney*, for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General* and *Francis E. McGovern*, district attorney, and *W. A. Hayes*, assistant district attorney, of counsel, and oral argument by *Mr. Hayes*.

The following opinion was filed January 8, 1908:

KERWIN, J. Several errors are discussed in the briefs of counsel, and such of them as are regarded necessary to be treated will be considered.

1. At the opening of the trial defendant moved the court to require the state to elect upon which branch of the indictment it would prosecute, and the denial of this motion is assigned as error. This error is claimed upon the ground that the indictment sets forth several separate offenses not properly joinable. The objection is not very strenuously urged by counsel for defendant, and we think it untenable and regard it unnecessary to consider it in detail. The indictment contains but one count, though several violations of

the statute are alleged in the conjunctive; hence the motion to compel the state to elect was properly denied.

2. The main contention of counsel for defendant is that the indictment charged no offense, that it was error to allow an amendment of it, and that the evidence is insufficient to sustain the charge laid in the indictment. The indictment, in addition to the formal parts, alleged in apt words covering the language of the statute that the defendant feloniously, knowingly, unlawfully, and maliciously did verbally threaten the said Strauss that defendant would accuse him of having committed the crime of bribery by accepting from the Allen's Cornice & Corrugating Works a large sum of money, and setting forth the facts in relation thereto and the threat made, and further by verbal threats maliciously threatened to wrongfully injure the person, property, business, and calling of said Strauss, and to injure, damage, and destroy the business of said Strauss and prevent him from successfully carrying on his business and to cause delay and ruin to the same, in consequence of which threats and for the purpose of preventing the carrying out of the same Strauss did, against his will, pay $50 to defendant, which was corruptly and extorsively demanded. We have only stated briefly such part of the indictment as will make clear the points of attack upon it. In order to determine the sufficiency and scope of the indictment consideration of the statute upon which it is based will be necessary. This statute is violated by maliciously threatening verbally or in writing to accuse another of any crime or offense, or by maliciously threatening verbally or in writing any injury to the person, property, business, or calling of another, with intent to extort money or any pecuniary advantage, or with intent to compel the person so threatened to do any act against his will or omit to do any lawful act. The threats may be classified under two heads, namely: First, a threat to accuse of a crime or offense; and, second, a threat to do

an injury to the person, property, business, calling or trade, or profits and income of any business, profession, calling, or trade of another. These threats must be, by the terms. of the statute, with intent to extort money or pecuniary advantage or to compel the person so threatened to do an act against his will or omit to do a lawful act. The threat set out in the indictment and hereinbefore referred to is the only threat proved, and the question arises whether it constitutes an offense under the statute. The court below held that it was not sufficient to charge an offense under the first classification above stated, namely, a threat to accuse of a crime or offense, on the ground that such a threat to accuse must be a threat "to charge with an offense judicially or by public process." Whether the court was right in so charging the jury is a very grave question, and one upon which we express no opinion, since we do not regard the question before us. The case was submitted to the jury upon the second subdivision of the indictment, namely, a threat to do an injury to the person, property, business, or calling of Strauss; and if the conviction stands it must be because the indictment sufficiently charged and the evidence proved such an offense, since the charge of threat to accuse of a crime or offense was taken from the jury. So the question is whether the threat set out in the indictment and proved is sufficient to support the conviction under the charge. Is it a threat to do an injury to the person, property, business, or calling of Strauss within the meaning of the statute? We think it clear that it is not. Criminal statutes of this nature must have a reasonably strict construction, and cannot be extended by construction beyond their plain terms. *State v. Benedict,* 11 Vt. 236; *Sively v. State,* 44 Tex. 274; *People v. Choynski,* 95 Cal. 640, 30 Pac. 791; *Niezorawski v. State,* 131 Wis. 166, 111 N. W. 250. It is obvious that such was the intention of the legislature from the various statutes passed from time to time covering offenses of this character which spe-

cifically define the things denounced. Surely it cannot be said that the second subdivision of the statute under consideration includes a threat to defame, since not covered by the words of the statute. Sec. 4466a, Stats. (1898); 6 & 7 Vict. c. 96, § 3; *Reg. v. Yates,* 6 Cox C. C. 441; *State v. McCabe,* 135 Mo. 450, 37 S. W. 123.

Our own statutes make manifest this legislative intention, namely, that the thing denounced should be covered in express words by the statute and not left to inference. Sec. 4466a, Stats. (1898), makes it an offense for two or more persons to combine for the purpose of maliciously injuring another in his "reputation, trade, business, or profession." Numerous other statutes respecting threats and combinations exist in this state, all going to show legislative intention to specifically define the thing denounced. So, coming to the particular part of the statute under consideration, we think it clear that it was not intended to cover injury to reputation because not so expressed therein. *State v. Barr,* 28 Mo. App. 84; *Comm. v. Mosby,* 163 Mass. 291, 39 N. E. 1030. Now, it seems clear that the threat alleged in the indictment and proved on the trial, namely, to put a line or two in the paper and accuse Strauss of a corrupt agreement of bribery, cannot by any rule of construction be said to be a threat to do an injury to the person, property, business, or calling of Strauss. It might be said to be a threat to injure his reputation, but injury to reputation is not covered by this part of the statute under which the prosecution is sought to be sustained. *In re McCabe,* 29 Mont. 28, 73 Pac. 1106; *Gianfortone v. New Orleans,* 61 Fed. 64; *Ætna Ins. Co. v. Comm.* 106 Ky. 864, 45 L. R. A. 355. The mere fact that some injury to the property, business, trade, or calling of Strauss might incidentally result from the accusation is not sufficient under the rule of construction governing such statutes. The threat must be a direct threat to injure the person or particular thing specified in the statute, and it has been held that an

"injury to the person" under such a statute means a physical injury. *Williamson v. State,* 2 Ohio C. C. 292; *Comm. v. Mosby,* 163 Mass. 291, 39 N. E. 1030. As we understand counsel for the state, it is claimed that the statute in question makes it a crime to threaten to compel against the will the doing of any act or to threaten to compel the omission to do any lawful act. We do not so understand the statute. We think the gist of the offense under this statute is the threat to accuse another of any crime or offense or to threaten to do an injury to the person, property, business, profession, calling, or trade with intent to extort money or any pecuniary advantage, or with intent to compel the person so threatened to do any act against his will or omit to do any lawful act; the intent to extort money or pecuniary advantage or compel the person so threatened to do an act against his will or omit to do a lawful act being a mere incident to the threat and dependent upon it, and, where there is no such threat as contemplated by the statute alleged or proved, no offense under this statute is established.

Counsel for the state further insists that the question of a threat to accuse Strauss of a crime or offense was not taken from the jury, and that the charge of the court to the effect that such accusation must be judicially or by public process was erroneous, and it being favorable to the accused cannot be taken advantage of by the defendant to reverse a verdict of guilty; that although the instruction was incorrect it was highly favorable to the defendant and prejudicial to the state. While we might have great difficulty in disturbing the judgment if the whole indictment were passed upon by the jury and the defendant found guilty thereon, we cannot see how it can be said that defendant was convicted of maliciously threatening to accuse Strauss of a crime or offense, since that question was expressly taken from the jury by the charge, and the jury doubtless found the defendant guilty not of a threat to accuse of a crime or offense, but of a threat

to do an injury to the person, property, business, or calling of Strauss. The defendant, of course, was entitled to the verdict of a jury upon the particular offense of which he was convicted, and we cannot say upon the record before us that the jury convicted the defendant upon the portion of the charge in the indictment expressly taken from them by the court. So we are compelled to hold that the conviction was based upon that part of the indictment purporting to charge a threat to injure the person, property, business, or calling of Strauss, and that a threat to accuse of bribery is not a threat to injure the person, property, business, or calling of the person accused within the meaning of the statute under consideration.

3. It is further insisted that the court erred in allowing the indictment to be amended by striking out the words "the 30th December in the year 1902," and inserting in lieu thereof "the 30th of December in the year 1901," and by striking out "the third day of January, 1903," and inserting "the 30th day of December, 1901," and by striking out the words "Strauss was engaged in the liquor and restaurant business," and inserting in lieu thereof the words "painting business." We think the amendment was clearly justified by the various provisions of our statute with reference to amendments, and particularly because the amendment did not change the indictment in substance and the defendant was not prejudiced thereby. *Niezorawski v. State,* 131 Wis. 166, 111 N. W. 250.; *Murphy v. State,* 131 Wis. 420, 111 N. W. 511; *Ullman v. State,* 124 Wis. 602, 103 N. W. 6; *Schultz v. State,* 133 Wis. 428, 113 N. W. 428.

Other errors discussed need not be considered, since the questions involved are not likely to arise in case there should be another trial. For the reasons stated the court is of the opinion that the judgment must be reversed.

*By the Court.*—The judgment of the court below is reversed, and the cause remanded for further proceedings according to law.

A motion by the state for a rehearing was granted on March 10, 1908, and the cause was reargued as to certain questions on April 22, 1908.

For the plaintiff in error there was a brief by *James L. O'Connor* and *Thomas M. Kearney,* and oral argument by *Mr. Kearney.*

For the defendant in error there was a brief by the *Attorney General* and *Francis E. McGovern,* district attorney, and *W. A. Hayes,* assistant district attorney, of counsel, and oral argument by *Mr. McGovern* and *Mr. Hayes.*

The following opinion was filed May 8, 1908:

KERWIN, J. A rehearing was ordered in this case upon certain questions submitted. The original opinion of the court will be found *ante,* p. 647, 114 N. W. 505. Argument was ordered upon the following questions:

(1) Should the verdict be construed as convicting of the second charge in the information only?

(2) If the verdict be construed as convicting of both charges, was the ruling of the court as to the meaning of the words "threatened to accuse any other of any crime or offense" erroneous?

(3) On either construction of the verdict, has the accused been put in jeopardy as to the first charge so as to preclude a new trial as to it?

The brief on the part of the state covered a wide range, going far beyond the questions submitted. Had counsel confined themselves to the questions submitted it would have been far more helpful to the court. We held in the original opinion that the offense covered by the first charge in the information respecting a threat to accuse of a crime or offense was taken from the jury, and the case submitted upon the second charge in the information respecting a threat to do injury to the person, property, business, or calling of Strauss. The charge of the court was so clear and explicit upon this subject that the jury must have followed it unless

it can be said that they wilfully disregarded it. We need not consider here whether in a criminal case the jury is bound to take the law from the court, because there is nothing in the record tending in any way to show that they did not, and we must presume they did. *Murphy v. State,* 108 Wis. 111, 83 N. W. 1112; *Abbott v. Milwaukee L., H. & T. Co.* 126 Wis. 634, 106 N. W. 523; *La Matt v. State ex rel. Lucas,* 128 Ind. 123, 27 N. E. 346; *Stanton v. French,* 91 Cal. 274, 27 Pac. 657; *Walworth v. Readsboro,* 24 Vt. 252. After the court removed from the information the first charge, as it in effect did by the instructions given, the verdict following simply found upon the residue of the information or the remaining charge stated therein.

Counsel insists that the original opinion is out of harmony with *Loew v. State,* 60 Wis. 559, 19 N. W. 437. We do not so understand it. In the *Loew Case* there was no question as to the finding of the jury. They found specifically, and found against the instructions of the court. So the question was whether they had a right to disregard the law as given to them by the court. Here it does not appear that the jury found against the instructions. True, they found the defendant guilty as charged, but this must be held to mean guilty as charged in the information under the instructions of the court. And in so holding it follows that the jury did not pass upon the charge of threat to accuse of a crime or offense, but that such charge was eliminated from the information under the instructions and removed from the consideration of the jury. So we feel constrained to hold that the first question must be answered "Yes."

The second question being submitted conditionally need not be considered in view of our decision upon the first. We shall therefore pass this question without comment.

The third question, respecting whether the accused has been put in jeopardy so as to preclude a new trial, is the one which has troubled us most, although we might perhaps rest

upon the concession of counsel for the state to the effect that if the information charges two offenses the defendant was in jeopardy as to the first charge in the information and cannot be again tried. We held in the former opinion that the information stated two offenses, and that question is not open upon this hearing, although counsel seem to have attacked it. But although the information states two offenses we feel that the question should have been discussed by counsel for the state and all the authorities collected and presented. We cannot feel that the question is so clear that it should have been passed over by counsel for the state without full and thorough presentation, to the end that this court might be aided as far as argument and authority could assist in arriving at a correct conclusion upon it. We have, however, consistent with the time at our command, examined the authorities bearing upon the question and have arrived at the same conclusion as counsel for the state.

There can be no doubt but that the defendant was in jeopardy when he was put upon his trial upon a valid information before a jury duly impaneled and charged with his deliverance. *State v. Kemp,* 17 Wis. 669; *State v. Parish,* 43 Wis. 395; *U. S. v. Salter,* 1 Pin. 278; *People v. Taylor,* 117 Mich. 583, 76 N. W. 158; *People v. Hill,* 146 Cal. 145, 79 Pac. 845; *Black v. State,* 36 Ga. 447; 12 Cyc. 275; *Drake v. Comm.* 96 S. W. 580, 29 Ky. Law Rep. 981; Cooley, Const. Lim. (7th ed.) 467. The question before us, however, is, "Has the accused been put in jeopardy as to the first charge so as to preclude a new trial as to it?" In other words, has defendant by his motion for a new trial waived the jeopardy and opened the case for a trial on the first charge. The motion for a new trial was clearly one upon the charge of which defendant was convicted, not upon the one upon which he was acquitted. Wharton, Crim. Pl. & Pr. (9th ed.) § 788; *State v. Martin,* 30 Wis. 216. Cases may be found holding that where the same offense is set up in different counts, as

for example where one count charged defendant with killing deceased with a gun and another count charged the killing with a pistol, and there was a conviction upon one count only, a new trial opened the case upon both counts. *Brown v. U. S.* 2 Ind. Terr. 582, 52 S. W. 56. And when the different counts are simply formal variations in stating the same offense, then the granting of a new trial opens the whole case, and the defendant may be put upon his trial and convicted on any of the counts. Wharton, Crim. Pl. & Pr. (9th ed.) 788, 895; *Lesslie v. State,* 18 Ohio St. 390; *Bailey v. State,* 26 Ga. 579; *State v. Stanton,* 1 Ired. Law (23 N. C.) 424. But the rule of such cases is not applicable to the case before us, because here we have two separate and distinct offenses charged in the information: the one a threat to charge with the commission of a crime or offense, and the other a threat to do an injury to the person, property, business, or calling of another, coupled with an unlawful intent in each case. *State v. Martin,* 30 Wis. 216; *Bell v. State,* 48 Ala. 684.

It may be said that *Rasmussen v. State,* 63 Wis. 1, 22 N. W. 835, is out of harmony with our conclusions in the instant case. In that case it was held that where a trial was had in justice's court on a charge of assault and battery and the defendant was convicted of a simple assault and appealed to the circuit court, the appeal opened the case for a new trial on the charge of assault and battery. It was claimed by counsel that defendant could not be convicted of a higher offense than a simple assault of which he had been found guilty in the justice's court, but the court ruled that, where a party takes an appeal from the justice's judgment in a criminal case, the effect of the appeal is to open the whole case for a trial *de novo* in the circuit court, for the reason that the case is tried on appeal in that court as though originally brought there, and that court awards sentence on the conviction without any regard to the judgment rendered by the

justice. So we do not regard the *Rasmussen Case* controlling upon the present appeal. We conclude that the third question must be answered in the affirmative and therefore the prisoner should be discharged. The mandate in the original opinion is modified so as to read as follows:

*By the Court.*—The judgment of the court below is reversed, and the cause remanded with directions to discharge the defendant.

The following opinion was also filed May 8, 1908:

TIMLIN, J. (*dissenting*). The plaintiff in error, hereinafter called defendant, was indicted by the grand jury of Milwaukee county under sec. 4380, Stats. (1898). The indictment, following matter of inducement and formality, charged the defendant with having at a given time and place threatened one Strauss that he, defendant, would accuse Strauss of having theretofore committed the crime of bribery, setting forth the threat as follows:

"I know you had a corrupt agreement with the Allen's Cornice & Corrugating Works and that you voted corruptly to allow them the contract for the repairing and replacing of the roof and gutters of the old county hospital building, and if you don't give me $50 I will expose you and open up on you by putting a line in the paper tomorrow."

This was averred to have been said with the intent on the part of the defendant to unlawfully and corruptly extort from Strauss the sum of $50. It was further averred that the defendant "did then and there unlawfully, wilfully, maliciously, and feloniously *by said verbal threats and communication* further maliciously threaten to wrongfully injure the person, property, business, and calling of Strauss," etc. The defendant was convicted, made a general motion for a new trial and took various exceptions, and the case came before this court upon writ of error. On January 8, 1908,

this court (by decision reported *ante,* p. 644, 114 N. W. 505) reversed the judgment of conviction of the defendant and remanded the case for further proceedings, without further specification, not inadvertently, as counsel seem to suppose, but because it was not agreed what further proceedings would be lawful and proper. Counsel for the state moved for a rehearing, whereupon this court granted a partial rehearing; that is to say, a rehearing upon the following questions: (1) Should the verdict be construed as convicting of the second charge in the indictment only? (2) If the verdict be construed as convicting of both charges, was the ruling of the court as to the meaning of the words "threaten to accuse another of any crime or offense" erroneous? (3) In either construction of the verdict, has the accused been put in jeopardy as to the first charge so as to preclude a new trial as to it?

The statute in question, sec. 4380, Stats. (1898), provides a punishment for any person who shall (1) maliciously threaten to accuse another of any crime or offense; (2) (maliciously threaten) to do any injury to the person, property, business . . . of another. In either case (3) with intent thereby to extort money, etc.

I think it should have been obvious to counsel that the reargument was ordered upon a view of this statute, in substance, that a threat to accuse another of a crime was one class of prohibited threats, consequently one offense, and that threats to do injury to the person, property, business, etc., of another constituted other classes of prohibited threats, consequently other offenses. This would be none the less true even if some threats might be so framed as to come within several of the prohibited classes of threats, or some threats so framed that it would require judicial inquiry to determine in which class of prohibited threats they belonged.

The word "charge" as used in the questions submitted for reargument means the characterization of the offense found in the indictment. That only one set of spoken words was

employed, that these words were characterized by the pleader
as constituting the offense of threatening to accuse of crime
and also as constituting the offense of threatening to wrong-
fully injure the person, property, business, and calling of
Strauss, and that all this was grouped in one count in the
indictment, instead of having been set forth in two or more
separate counts, is not very material to the questions here
under consideration.    I believe the concession of one of the
counsel for the state that the defendant was in jeopardy in the
case at bar with reference to either charge in the indictment
was improvidently made.    As we have seen, the defendant
was charged in the indictment with having spoken certain
words with the prohibited intent.    It was therein further
charged that these words constituted a threat to accuse of
crime, and that the same words also constituted a threat to
injure the person, property, business, and calling of Strauss.
On the face of the indictment it is apparent, from the words
of the threat there set out, that such words do not constitute
a threat to injure the person, property, business, or calling of
Strauss, and so this court held in its former opinion.    The
defendant was not in jeopardy upon this charge because the
indictment was in that respect insufficient, and no person is
to be considered in jeopardy as to any crime insufficiently
charged in the indictment.    The trial court held, however,
that the words used did or might constitute a threat to in-
jure the person, property, business, or calling of Strauss, and
that they did not constitute a threat to accuse of crime.    The
jury returned a verdict of "guilty as charged."    The reargu-
ment was ordered chiefly upon the claim made in the moving
papers that we had overlooked the case of *Loew v. State*, 60
Wis. 559, 19 N. W. 437, in the first decision of this case.
Further argument and reflection have convinced me that the
cases are not analogous, because in *Loew v. State, supra,* the
jury found in direct opposition to the instructions of the
court, but the trial judge thereafter denied a new trial, so

conforming his view of the law to that entertained by the jury, while in the case at bar the verdict of "guilty as charged" must by all reasonable rules of interpretation be held to mean guilty as charged according to the interpretation of the indictment given by the trial court in his instructions to the jury. *Stroggins v. State,* 43 Tex. Crim. 605, 68 S. W. 170, and cases cited. In other words, we are to presume regularity, not irregularity. In case of conflict this rule must be paramount to the rule which refers a verdict of guilty to the valid counts rather than to the invalid counts of an indictment. *Bates v. State,* 124 Wis. 612, 103 N. W. 251. So that the defendant has not yet been found guilty of a threat to accuse of crime. Neither has he been acquitted of that charge by the jury. He was improperly convicted under the other insufficient charge found in the indictment. There is no disregard of instructions to be presumed and none is affirmatively shown. Any decision to the contrary would be obstructive, far-reaching, and productive of confusion in the administration of the law; hence I answer the first question submitted for reargument in the affirmative. It is thought that this eliminates the second question submitted for reargument because in form only conditionally submitted. From a mere verbal viewpoint this is correct. But the determination of the third question submitted for reargument directly involves and makes necessary an answer to the second question. The logic of this is very clear. No person is in jeopardy unless the indictment under which he is prosecuted charges a crime. *Von Rueden v. State,* 96 Wis. 671, 71 N. W. 1048. Therefore, if the indictment in question did not charge the offense of threatening to accuse of crime, the defendant was not in jeopardy for that offense. But the indictment in no manner charged or set forth a threat to accuse Strauss in court or by legal proceedings. Quite the contrary, because it set out the exact words spoken, and from these words no such inference can be drawn. So, whether the

majority of this court are aware of it or not, their decision that the defendant was in jeopardy of punishment for the offense of threatening to accuse Strauss of crime determines that this offense is well pleaded in the indictment supported by the words of threat quoted in the indictment, and hence that the ruling of the court below to the effect that the words of the statute in question only cover a threat to charge one with an offense judicially or by public process was erroneous.

Now, what was the third question submitted for reargument? It is not, "Was the defendant in jeopardy as to the first charge?" It is, "Has the accused been put in jeopardy as to the first charge *so as to preclude a new trial as to it?*" The first charge, it will be remembered, is that wherein the defendant is charged with threatening to accuse of crime. I answer the third question submitted for reargument in the negative for the following reasons:

1. The error of the court below merely amounted to a misdirection or erroneous instruction to the jury. The jury never passed upon the first charge. I do not see that the case at bar differs in principle from other cases of misdirection by the court with reference to what the evidence tends to establish. I do not think that every time a new trial is granted all errors in instructions of this kind favorable to the accused are by a sort of ratchet-wheel performance to remain fixed and unalterable and the new trial confined to the farcical performance of trying the accused upon what remains of the case, even though nothing remains upon which he could be convicted. I think it is equally farcical to say that the accused cannot have the new trial which he asked for under the only valid indictment in the case, but he must be discharged without a new trial. Was the accused in jeopardy for this offense? Many sayings may be found in judicial opinions to the effect that jeopardy begins when the accused is put on trial upon his plea to a valid indictment and a jury sworn

and charged with his deliverance. No doubt in many cases this is sufficient, as where the jury are thereafter discharged against his objection and before verdict. But the law cannot be built up upon sayings of individual judges without reference to the facts in the case concerning which such things were said. A rule is quite accurately deduced from a large number of decisions and stated in *Comm. v. Murphy,* 174 Mass. 369, 54 N. E. 860, as follows:

"By jeopardy is meant, we think, lawful jeopardy from the commencement of the proceedings until their termination by a proper judgment and sentence, or acquittal, or *what the law regards as such.* It has been held in numerous cases that where, either for want of jurisdiction or from defect in the indictment, or from some error in the course of the proceedings, the verdict has been set aside or the judgment has been arrested upon a writ of error brought by the defendant, or on a motion made by him, and he has been tried again, he was not thereby put in jeopardy a second time."

Does the law regard as equivalent to an acquittal of any particular offense a misdirection of the trial judge whereby he informs the jury that there is no evidence sufficient to convict of that particular offense?

In *Brown v. State,* 109 Ga. 570, 34 S. E. 1031, the accused was on trial and he demurred to the complaint or accusation. The demurrer was overruled and the case ordered to proceed, after which the accused pleaded not guilty. One witness was examined and the court then came to the conclusion that the demurrer should have been sustained, and quashed the accusation. The defendant was then put on trial upon another accusation charging the same offense, and he entered a plea of former jeopardy averring that the first accusation was good and that, arraigned thereon, he was put in jeopardy. This plea was overruled on the ground that *it did not distinctly appear that the accused objected at the time to the trial judge sustaining the demurrer and ordering the*

*accusation quashed,* and for that reason he could not at a subsequent trial say the accusation was good and that he was thereby in jeopardy. The accused obtained a ruling that the complaint was bad, accepted the benefit of that ruling, and was therefore not allowed to bring in question the propriety of a ruling which he himself invoked. This case cites and purports to follow *Von Rueden v. State,* 96 Wis. 671, 71 N. W. 1048, where a criminal prosecution was dismissed on motion of the accused on account of the insufficiency of the complaint, and it was held that the accused could not thereafter plead former jeopardy, because if the complaint was insufficient he was not formerly in jeopardy, and if the complaint was in fact sufficient he could not after this action on his part be allowed to say that the complaint was sufficient. I presume the real groundwork of these decisions is that the accused has invited the second trial and himself brought it about.

In *Jackson v. State,* 55 Wis. 589, 13 N. W. 448, there were two counts in the information, one for burglary and one for larceny. The jury found the accused guilty as charged in the information. The supreme court held the evidence was insufficient to sustain the charge of burglary and that the sentence for larceny exceeded that authorized by law. This court, however, remanded the cause for a new trial upon both counts and said:

"The suggestion was made by the counsel for the plaintiff in error that his client was entitled to be discharged. We see no ground for so holding. He moved for a new trial in the court below and has obtained it here."

The case last cited was one in which the supreme court held the evidence insufficient to sustain one of the counts in the complaint upon which the defendant had been fully tried on a valid indictment. It considered that he could be tried again notwithstanding. Are we to distinguish in the matter of jeopardy between a ruling of this kind made by the circuit

court and the same ruling made by the supreme court? Is one in jeopardy on a charge which never was passed upon by the jury because excluded for alleged want of evidence by the trial court, but not in jeopardy, after having been fully tried thereon, if the supreme court determines that it should not have been submitted to the jury for want of evidence to sustain it?

In *People v. Schoeneth,* 44 Mich. 489, 7 N. W. 70, the legal effect of an erroneous instruction to the jury is considered in a case where that instruction went to the extent of stating that the evidence was not sufficient to warrant a conviction under a particular count. The court said:

"The instruction given to the first jury that the evidence was insufficient to convict of the breaking and entering, if entirely correct, was not equivalent to an acquittal of that part of the charge."

In that case there were two counts or charges in the indictment. One was taken away from the jury by the instruction referred to, and upon the count submitted the jury disagreed and were discharged. The accused then moved the court that he be no further prosecuted, first, because he had been once in jeopardy upon the count withdrawn from the jury; and, second, because on the other count on which the jury disagreed the court had no jurisdiction of the offense charged. It was ruled that the legal accusation of the first count remained just the same, and no part thereof was eliminated by the charge of the court for the purpose of another trial.

In *Comm. v. Gould,* 12 Gray, 171, where the court quashed an indictment after the defendant had pleaded not guilty and the jury had been impaneled to try the case, it was held that an indictment quashed justly or erroneously for misdescription is no bar to a second indictment for the same offense. In *People v. Casborus,* 13 Johns. 351, a like ruling was made. To the same effect is *Gerard v. People,* 4 Ill. 362.

*Chambers v. State,* 44 Tex. Crim. 61, 68 S. W. 286, is a

·case very much in point. A statute of Texas (art. 884 of the Penal Code) declared that the wilful taking into possession ·or the removing from their accustomed range of live stock without the consent of the owner and with intent to defraud ·should constitute a theft. The defendant was on trial charged with theft, and the trial court erroneously instructed the jury that defendant might be convicted of driving stock from its accustomed range with intent to defraud. A new trial was granted. It was held that on such new trial the accused could be tried again for theft, that there was no acquittal of theft by the former conviction, and whatever punishment was found under the former verdict was set aside at defendant's instigation. He was retried for theft and convicted. In that case, as in the case at bar, the defendant committed only one unlawful act. This was considered by the trial court to be an infraction of one rule of law, by the supreme court to be an infraction of another rule of law. On the second trial defendant was properly convicted for the real offense shown by the single unlawful act. See, also, 1 Bishop, New Crim. Law, §§ 998–1000.

In *Perkins v. State,* 78 Wis. 551, 47 N. W. 827, the accused was found guilty of manslaughter in the second degree and he brought the case to this court. Almost in the same language used by the trial court in the case at bar, the court below had said to the jury in his instructions: "I think the evidence does not tend to show that it could be manslaughter in any other degree than the first or second degree." This took from the jury all consideration of the degrees of manslaughter below the second degree to the same extent as the charge in the case at bar took from the jury the question of the sufficiency of the evidence to establish a threat to accuse of crime. There was a sufficient indictment in the *Perkins Case* under which the accused might have been convicted of some degree of manslaughter below the second degree, just as there is in the case at bar a sufficient indictment under

which the defendant might have been convicted of a threat to accuse of crime. This court was of opinion in the *Perkins Case*, as it is in the case at bar, that there was evidence to sustain the particular charge of crime so taken away from the jury by the trial court. If *Schultz* was acquitted of the offense so taken away from the jury by the action of the court in the instant case, why was not Perkins also acquitted by the similar action in *Perkins v. State, supra?* If *Schultz* was in the instant case in jeopardy so as to preclude the granting of a new trial for the offense so taken away from the jury by the court, why was not Perkins in jeopardy on all the degrees of manslaughter below the second degree? In *Perkins v. State, supra,* the judgment was reversed and the cause remanded for a new trial so that Perkins might be tried in such new trial for either the second or third degrees of manslaughter; that is to say, that Perkins might be tried for the offense so taken from the consideration of the jury by the trial court. The fact that in the one case the accused objected to the ruling withdrawing the particular offense from the consideration of the jury, and in the other availed himself *sub silentio* of the ruling, cannot be a sufficient ground of distinction in the application of legal rules as the authorities amply show.

A similar ruling was made in *Terrill v. State,* 95 Wis. 276, 70 N. W. 356, and in *Duthey v. State,* 131 Wis. 178, 111 N. W. 222. If one accused is in jeopardy so as to prevent remanding for a new trial thereupon as to all other offenses covered by the indictment and supported by the evidence but erroneously taken away from the jury by instructions of the trial court, the consequences are serious indeed, and the foregoing cases are overruled by the majority opinion in the instant case. Not only that, but another mischievous precedent is added to the already too great number of those by which the courts unnecessarily obstruct the proper administration of the criminal laws, and which tend to increase the prevailing disregard of law.

If in the discretion of this court the defendant had been discharged, or the decision of this court had remained as it. was originally written, I should have made no dissent, because I would yield to the judgment of the majority as to whether in the discretion of this court this particular defendant should be discharged or retried. But when a decision is made to be hereafter quoted as law which I consider both erroneous in law and mischievous in tendency, I feel bound to dissent. Without further discussion on this point I must submit to the lawyers and judges of the future that the error of the court below was a mere error in instructions to the jury, and that upon a new trial granted on defendant's motion after his conviction of a crime under the same indictment which was neither charged nor proven, he cannot be considered acquitted of that offense which was properly charged; nor can he be considered as having been in jeopardy of punishment for that offense, because nothing has occurred which the law regards as equivalent to a termination of the prosecution for this offense by judgment, sentence, or acquittal *nolle prosequi* or discharge of the jury. The words of the constitution are, "No person shall be put twice in jeopardy for the same offense." In this case there is no second jeopardy nor was he "put." He elected to continue the former and only jeopardy. He asks a new trial upon the accusation found in the indictment. This means a new trial according to the law of the land, not according to blunders which have been declared not to be law.

2. Other reasons leading to the conclusion that the cause should have been remanded for a new trial under the only offense properly charged in the indictment are: (a) This prosecution is for a misdemeanor. Sec. 4380, Stats. (1898) ; Bouv. Law Dict. MISDEMEANOR. (b) No statute designates the offense as a felony and it is not a felony at common law. Sec. 4637, Stats. (1898), and cases in note. (c) It is within the description of sec. 3294, Stats. (1898). (d) In prosecu-

tions for misdemeanors the rule of *State v. Martin,* 30 Wis. 216, does not apply. *Rasmussen v. State,* 63 Wis. 1, 22 N. W. 835. I do not see how this last case can be disregarded or fairly distinguished by the majority. If it be said that *Rasmussen v. State* is distinguished because the statutory consequences of an appeal from justice to circuit court are to open the case for a trial *de novo* as if the cause were originally commenced in circuit court and that Rasmussen by taking his appeal elected to bring about these consequences, I answer that the statutory consequences of moving for a new trial in a criminal case are quite as well fixed by the statute cited in the next subdivision, and *Schultz* by moving for a new trial elected to submit to the power and discretion of the court as therein declared.

3. The defendant moved for a new trial generally, and that motion was denied in the court below. This court has power to review that ruling and grant the new trial.

"The circuit court may, at the term in which the trial of any indictment or information shall be had, . . . grant a new trial . . . on such terms and conditions as the court may direct. . . . When an application for a new trial under this section shall be refused a writ of error shall, on the application of the defendant, be issued from the supreme court to bring such matter before it; and upon such writ the supreme court shall have the power to review the order refusing to grant a new trial and render such judgment thereon as it may deem proper." Sec. 4719, Stats. (1898).

Under such statute it should be held, conformably to the weight of authority and reason, that when the defendant moved for a new trial he asked for such a new trial as the court under the foregoing statute is authorized to grant; that is to say, on such terms and conditions as the circuit court might direct, or, in case that motion was denied by the circuit court and a writ of error taken to this court, "a new trial upon which this court could render such judgment as it might deem proper." This the defendant asked for, and nothing less than

this should be given to him.   We have no right to presume
him guilty; no right to presume that he does not desire an
acquittal and a vindication; no right to presume that the ver-
dict of the jury upon the new trial will be otherwise than just
and correct.   If he had been acquitted by the jury upon one
count in the indictment or upon one charge in the indictment,
it might well be held that his motion for a new trial did not
extend to the count or charge upon which he was acquitted.
*State v. Martin,* 30 Wis. 216.   But nothing of that kind oc-
curred in the instant case.   The defendant was not con-
strained to move for a new trial.   He could have raised all
the questions necessary to test the legality of his conviction
upon the second charge in the indictment without a motion
for a new trial.   When he moved for a new trial such new
trial should be granted upon the only charge in the indict-
ment before the court.   Wharton, Crim. Pl. & Pr. § 518, and
cases; *People v. Palmer,* 109 N. Y. 413, 17 N. E. 213; *Peo-
ple v. Wheeler,* 79 App. Div. 396, 79 N. Y. Supp. 454;
*Brown v. U. S.* 2 Ind. Terr. 582, 52 S. W. 56; *State v. Sut-
fin,* 22 W. Va. 771.

In *State v. Parish,* 43 Wis. 395, the court, at page 401,
discussing the effect of a motion for a new trial, said:

"When a verdict of guilty in a criminal case is set aside,
all the proceedings on the trial are necessarily set aside and
vacated with the verdict.   So, when the verdict is set aside,
on motion of the accused, and he afterwards alleges that the
trial and verdict put him in jeopardy of punishment, it may
well be replied that the portions of the record by which alone
the jeopardy can be proved have been set aside and vacated at
his request, and that he has thereby deprived himself of the
means of proving his allegation of jeopardy."

Here, again, *Jackson v. State,* 55 Wis. 589, 13 N. W. 448,
seems to me directly in point.

There is a broad ground of distinction between the rule of
*State v. Martin,* 30 Wis. 216, and the instant case in this re-
spect.   An indictment for wilful murder under our statute

is, for the purposes of this question, equivalent to an indict-
ment containing counts for each of the statutory degrees of
homicide, either murder or manslaughter, because the jury,
generally speaking, may find the defendant guilty of any
such species of homicide which the evidence tends to estab-
lish. Where the whole case is submitted to the jury and they
find him guilty of one of the lower degrees of homicide, it
can with great reason be held that the defendant was thereby
acquitted of all the higher degrees of homicide by the verdict
of the jury. This rule, however, has been abrogated by stat-
ute in several states and should not be extended. The instant
case attempts to extend this rule so as to include a mere mis-
direction of the court below with respect to what the evidence
tends to prove, and holds such misdirection equivalent to an
acquittal and not subject to correction upon a new trial. I
think this conflicts with the statute relative to new trials
hereinbefore quoted and with cases in this court and else-
where cited to another proposition in the first-numbered sub-
division of this opinion. Under such conditions this court
should apply the rule of *State v. Comm'rs,* 3 Hill (S. C.)
239; that is to say, the case should stand as though it never
had been tried, and the defendant should be held to have ob-
tained a new trial on the implied understanding that the
whole case should go back and be tried on its merits. To the
same effect are *State v. Stanton,* 1 Ired. Law (23 N. C.)
424, and *Lesslie v. State,* 18 Ohio St. 390. This disposition
of the case is in my opinion also authorized by the follow-
ing cases in this state: *Perkins v. State,* 78 Wis. 551, 47
N. W. 827; *Terrill v. State,* 95 Wis. 276, 70 N. W. 356;
*Duthey v. State,* 131 Wis. 178, 111 N. W. 222; *State v.
Parish,* 43 Wis. 395; *Von Rueden v. State,* 96 Wis. 671,
71 N. W. 1048; *In re Keenan,* 7 Wis. 695; *Jackson v. State,*
55 Wis. 589, 13 N. W. 448.

On the three grounds above stated I therefore submit that
the third question submitted for reargument should have

been answered in the negative; that is to say, the defendant was not in jeopardy as to the first charge in the indictment so as to preclude a new trial as to such charge.

The following opinion was filed June 4, 1908:

MARSHALL, J. (concurring). I will add briefly to what was said for the court, stating as concisely as I can the facts and legal principles upon which I understand the decision in this case rests.

Facing the facts as I apprehend the majority of the justices understand them to be, the legal principles leading to the final conclusion and supposed to render it obligatory are, in view of previous decisions here, I think elementary.

Courts cannot make the law. They have nothing to do with matters of expediency. If the execution of the law by means of judicial interference renders punishment for crime somewhat uncertain and if sometimes through judicial errors possible or probable guilty persons are permitted to escape punishment because a second jeopardy, the first being not waived, is not allowable, courts cannot change it. Such has been the policy of the law for generations. From time immemorial, under our English system, efforts to punish the guilty have had to face the peril of judicial mistakes. If anything should be done to make that peril less the proper place of appeal is not to the courts.

The facts of the case are these: The accused was placed upon trial before a jury duly sworn and upon an indictment containing two charges and good as to the first one. The case was submitted to the jury upon the second charge only, the court holding, upon the evidence, that he was not guilty upon the first. There was a verdict, general in form, but it was directed as seen through the court's instructions to the second charge exclusively. There was a motion to set aside the verdict and for a new trial, which, though general in

form, by necessary inference referred solely to the issue raised'
upon the charge in respect to which there was a verdict of
guilty. The conviction as to the second charge, upon such
motion, has by the judgment of this court been reversed.

In view of the foregoing, was the accused put in jeopardy
as to the first charge? That, it seems, is ruled in the affirma-
tive by this plain language from *McDonald v. State,* 79 Wis.
651, 48 N. W. 863:

"Jeopardy is the situation of a person where a trial jury
is impaneled and sworn to try his case upon a valid indict-
ment or information and such jury has been charged with his
deliverance."

That situation occurred in this case.

We should say in passing that the court in coming to that
conclusion considerately determined that the indictment as
to the first charge was valid. As I understand it, that matter
was taken into consideration, discussed and determined, and
the judgment pronounced is based thereon.

Was the jeopardy in which the accused was put lifted so as
to open the way, before the trial ended, for a second trial?
That is ruled in the negative, I apprehend, by the general
principle that when the trial of a criminal case shall have
been fully entered upon, the accused is entitled to have it
finally determined before a discharge of the jury, and in the
absence of a waiver of that right if the jury are discharged,
except for some overpowering necessity, as the serious illness
of a juror or discharge of the jury because of inability to
agree (*State v. Sommers,* 60 Minn. 90, 61 N. W. 907), or
from some other cause, it precludes another trial. A termina-
tion of the trial by mistake on the part of the court or act
of the prosecutor, subject to the exceptions noted, operates as
an acquittal. *People v. Kuhn,* 67 Mich. 463, 35 N. W. 88;
*Comm. v. Hart,* 149 Mass. 7, 20 N. E. 310. That is regarded
so elementary that I pass it without further citation of au-
thority.

Schultz v. State, 135 Wis. 644.

It follows that since this case does not come within any exception to the general rule, the jury were discharged without passing upon the first charge and the court took such charge from the jury upon the ground that the accused was innocent of the offense stated, his jeopardy clearly was not waived before the termination of the trial.

Was the jeopardy which commenced and was continued, as indicated, waived after trial by any act of the accused? That, it seems, is ruled in the negative by *State v. Martin,* 30 Wis. 216; *State v. Hill,* 30 Wis. 416, and other cases in this court, holding that a motion to set aside a verdict and for a new trial must be regarded as directed only to the particular count of the indictment upon which there was a conviction. The court said, in effect, in the first case cited, that when a person stands convicted of one of several offenses charged in the indictment or information and asks to have the conviction set aside, the common-sense understanding of his attitude is that he seeks deliverance from the charge, only, of which he was convicted, and hence asks that he may be tried again for that charge and none other, and such asking, necessarily, does not waive his status as to any other offense charged against him. That is the unmistakable logic and substantially the letter of the decision.

Finally, does the reversal here open up the case as a whole? That seems to be answered by what has been said. The waiver involved in the motion to set aside the conviction must, necessarily, be restricted in its effect after reversal here the same as if the motion had been granted below, under the doctrine of *State v. Martin, supra; State v. Belden,* 33 Wis. 120, and the uniform holdings of this court to the effect that a motion to vacate a conviction granted in the first instance or on appeal only waives jeopardy as to the particular offense covered by the conviction and others which are included within it. So when there are several degrees of the same general offense included in the highest of such degrees and a conviction of

one of them, the setting aside of such conviction upon motion of the accused only throws down the bar of former jeopardy as to the particular offense and the lesser degree of the same general class included in it. The offense covered by the first charge here, though it was the result of the same act which formed the subject of the second charge, was not included within it. One must carefully distinguish between the inclusion of one or more minor offenses within a major offense and two or more distinct offenses growing out of the same act.

While expressions here and there, and perhaps decisions, not wholly in harmony with the foregoing may be found, especially unless they are carefully analyzed, the law as above stated, in my judgment, is without question in the decisions of this court.

To recapitulate: The accused was placed on trial before a jury on a good indictment as to the first charge contained therein. Therefore he was put in jeopardy. The trial was concluded without a conviction upon such charge or any overpowering necessity for not passing upon it and such passing by the jury was rendered unnecessary by the act of the court, whether right or wrong makes no difference, in deciding as matter of law that the accused was not guilty. So the legal effect of the foregoing stated occurrences was a full acquittal as to such charge; therefore the jeopardy in which the accused was put was continued till after the conclusion of the trial as regards a second trial. It was not waived thereafter, since the verdict being upon the second charge only the motion for a new trial must necessarily be restrained accordingly. That situation has not changed by the reversal here, since the first charge is not for an offense included within another in respect to which the conviction has been set aside. So the constitutional bar to a second trial as to the first charge is complete.

WINSLOW, C. J., concurs in the foregoing opinion.