MAYER, Plaintiff in error, vs. THE STATE, Defendant in error.

*April 30—June 2, 1936.*

The cause was submitted for the plaintiff in error on the brief of *Jacob S. Rothstein* of Milwaukee.

For the defendant in error there was a brief by the *Attorney General, J. E. Messerschmidt*, assistant attorney general. *William A. Zabel*, district attorney of Milwaukee county, and *William J. McCauley*, assistant district attorney, and oral argument by *Mr. McCauley*.

FAIRCHILD, J.  The plaintiff in error, hereinafter called the defendant, threatened to do injury to the business of the New York Coffee Pot, Inc., and the Torres Café, Inc., with the intent thereby to extort money, to wit, $200.  The defendant was business agent of the cooks' and waiters' union.

There was in existence a labor contract between the corporations named and the cooks and waiters. This contract was to expire in September, 1935. Defendant, in July, 1935, approached the president and manager of the concerns and told them in substance that he (Mayer) was the business agent of the cooks' and waiters' union and had a lot of "say so;" that the boys would listen to him; and that he would see that the contract was renewed if $200 was paid to him, but that, if such sum was not paid to him, he would call a strike. The situation in which the appellant finds himself is the result of an attempt on his part to secure for himself $200 by threatening to precipitate a strike by the cooks and waiters in the restaurants of complainants unless there was given to him the $200 demanded.

The defendant urges, first, that the legislature of Wisconsin has declared it lawful conduct by one singly, or in concert, to threaten to call a strike; second, that the threat was made to certain individuals and not to the corporations whose business would be affected.

Workingmen have the right to unite to protect themselves, and to strike where grievances exist. But neither labor's policy nor legislation has indorsed any plan or policy giving a right to threaten the management of business concerns with interference with contract with their employees unless a business agent, for his own use, be given a sum of money demanded by him. One is guilty of the crime charged against defendant when he maliciously threatens to do injury to the business of another with intent to extort money. Sec. 340.45, Stats.

Defendant, in his insistence that the evidence does not disclose a direct threat to injure the business of complainants, relies on the case of *Schultz v. State,* 135 Wis. 644, 114 N. W. 505, 116 N. W. 259, 571. In the *Schultz Case* it was held that the facts did not support a threat to injure the property or business of the person threatened, because the threat was to accuse the individual of a crime. There is a

considerable distinction, as a matter of pleading, between a threat to accuse one of a crime, and a threat to injure one in his business. In the case at bar, the threat was that the defendant would call a strike unless the president and manager of the corporations, the complainants, paid a certain sum of money to him. The disasterous effect of a strike upon a business is too well known to require any effort to establish its ill effects. It is almost bound to result in the interruption of business, with loss and confusion affecting with disaster, to a considerable extent, the business assailed. *People v. Weinseimer*, 117 App. Div. 603, 102 N. Y. Supp. 579. A threat of a strike to the officers of the corporations by one in position of defendant at the time certainly was capable of being a persuasive and inducing cause to the paying of tribute, and is well within the statute.

*By the Court.*—Judgment affirmed.