YOUNKIN and others, Appellants, vs. MILWAUKEE LIGHT, HEAT & TRACTION COMPANY, Respondents.

*January 14—February 2, 1904.*

*Street railways: Operation of interurban cars on city street: Additional servitude: Eminent domain: Equity: Injunction.*

1. A street railway incorporated under ch. 86, and secs. 1862, 1863, of ch. 87, Stats. 1898, operating under ordinances forbidding use for any other purpose than that of a passenger railway within the streets of the city, except carrying such personal effects as are usually carried by passengers on street railways, and limiting the fare to be charged for each passenger, has the right to maintain its tracks and railway on the city streets, for the purpose of doing a legitimate street-railway business, without making compensation to abutting lot owners.

2. Defendant operated interurban trains and cars over country highways between two cities, thence on its street-railway tracks through one city over a street to its limits, and thence over country highways to a point six or seven miles distant. *Held,* that the running of such interurban trains and cars over the street-railway tracks was an additional burden upon the lands of lot owners abutting on the streets so used.

3. Prior to the enactment of ch. 465, Laws of 1901, street railways had no right to condemn land in the streets of cities and villages. In an action commenced before that enactment it was *held,* that the only adequate remedy of abutting lot owners was to enjoin the unlawful casting of additional burdens on

their premises. Such decision is limited, however, to the con-
ditions at the time the action was commenced.

4. In equity the mere fact that the complaint demands judgment
for relief to which plaintiffs are not entitled is no ground for
refusing the relief to which they are entitled.

APPEAL from a judgment of the circuit court for Wau-
kesha county; JAMES J. DICK, Circuit Judge. *Reversed.*

This action was commenced July 26, 1900, by twenty-six.
abutting owners on Lincoln avenue, in the city of Waukesha,
to abate and remove from that street in front of their re-
spective lots the railway tracks, ties, poles, wires, and other
erections of the defendant therein constituting the nuisance
complained of, and to restrain the further obstruction or in-
terference therewith. The case was here on demurrer, and
was reversed and remanded for further proceedings accord-
ing to law. 112 Wis. 15, 23, 87 N. W. 861. Thereupon the
complaint was amended in the particulars wherein it was
held bad in that decision. The defendant answered such
amended complaint, and denied that it was a commercial
railway to carry baggage or freight, and justified its main-
tenance of the railway tracks, etc., and its right to use the
same and operate its cars thereon, under the statutes of this
state therein cited and the ordinances of the city of Wau-
kesha. A trial being had, the court found as matters of fact,
in effect: (1) That the plaintiffs were abutting owners as
stated. (2) That Lincoln avenue was one of the principal
public streets in the city, with desirable lots for residences
thereon. (3) That at the time of the commencement of this
action the defendant was, and since has been, incorporated
under the articles of incorporation in evidence, and has all
the rights, title, and interest conferred and granted by said
ordinances and amendments. (4) That July 27, 1897, the
city, pursuant to sec. 1862, S. & B. Ann. Stats., and acts
amendatory thereof, granted a franchise to the defendant
and its successors and assigns incorporated and organized

under ch. 86 (secs. 1771 to 1791m), of the statutes, and secs. 1862 and 1863 of ch. 87 of the statutes, and acts amendatory thereof and supplementary thereto, for the purpose of purchasing, acquiring, constructing, equipping, leasing, maintaining and operating by electricity or other power street railways for the transportation of passengers in the city of Waukesha, and of purchasing, acquiring, taking, holding, and operating real and personal property, rights, privileges, ordinances, and franchises upon certain streets therein, as found by the court. (5) That the defendant holds such rights, franchises, and property by assignment, as it is authorized to do. (6) That the defendant is the legal owner of such rights, franchises, and property, and had before and ever since the commencement of this action operated such railway under such franchise on such streets; that the defendant constructed such double-track electric railway on Lincoln avenue, and operated the same as an electric street railway within the city of Waukesha, and never has and never intended to use said street car line or double track for the purpose of carrying freight or baggage; and this defendant has in all its acts upon said Lincoln avenue and other streets mentioned in said franchise, within the city of Waukesha, kept strictly within the authority conferred upon it by said franchise and acts amendatory thereof so far as its business was concerned. (7) That the defendant has not by itself or agents entered upon the lots of any of the plaintiffs other than going upon Lincoln avenue under said rights and franchises. (8) That in doing so it has complied with all the conditions and requirements of its franchises. (9) That under such authority the defendant has constructed, equipped, maintained, and operated a first-class street railway line on Lincoln avenue, in the city of Waukesha, as authorized and required by its franchises and the statutes. (10) That the defendant constructed an electric line of railway from the city of Milwaukee to the city of

Waukesha, and connected the same with its street car line in the city of Waukesha in 1898. That the defendant purchased a line of electric railway from the city of Waukesha to a point on Pewaukee Lake known as "Waukesha Beach," about six miles in length, from another company, and the defendant connected such line with its said street railway in the city of Waukesha, and during the summer months has run and operated cars from the city of Milwaukee over and across said electric line to the city of Waukesha, and across said city of Waukesha and over and upon said Lincoln avenue in the city of Waukesha to the western limits of the city, doing a street car business within that city, and then on the line so purchased to Waukesha Beach; that all of said lines are of the overhead trolley system throughout its entire length, with wires strung from poles, charged with a heavy current of electricity; that up to August 1, 1900, there was only a single track on Lincoln avenue, and that was located in the center of the street, and consisted of T rails laid upon ties imbedded in the street; that about August 1, 1900, it was removed, and a double track was laid on Lincoln avenue, in accordance with the ordinance and franchise granted by the city of Waukesha to the defendant; that doing so rendered the property of the plaintiffs in some instances less easy of access than before; that in some portions of the year cars and trains ran directly over and upon said line over and upon Lincoln avenue in the city of Waukesha without change of cars, once an hour, in accordance with the franchise granted by the city of Waukesha—except on Sunday during the summer months, when cars are frequently run every half hour; that the number of passengers so carried exclusively within the city of Waukesha is not large; that the cars that are so run over and upon Lincoln avenue in the city of Waukesha do a regular street car business within that city. (11) That the defendant constructed its single track on Lincoln avenue, and placed its poles, wires, etc.,

thereon, without objection from any of the plaintiffs; that the first objection was made when the defendant began constructing its double tracks in August, 1900; that no compensation has ever been paid to any of the plaintiffs for the construction of such tracks on Lincoln avenue. As conclusions of law the court found, in effect, that the defendant is entitled to have the plaintiffs' complaint dismissed, and judgment for its costs and disbursements in this action, and ordered judgment accordingly. From the judgment so entered the plaintiffs bring this appeal.

*Tullar & Lockney,* for the appellants.

For the respondents there was a brief by *Ryan, Merton & Newbury,* attorneys, and *George P. Miller,* of counsel, and a separate brief by *Miller, Noyes & Miller,* and oral argument by *Mr. E. Merton* and *Mr. Geo. P. Miller.*

CASSODAY, C. J.   1. It is conceded that the defendant was incorporated, created, and organized under and by virtue of ch. 86 and secs. 1862 and 1863 of ch. 87 of the Statutes of this state and the laws amendatory thereof and supplemental thereto, prior to the commencement of this action. It is also conceded that prior to that time, and pursuant to such statutes, the defendant obtained from the city of Waukesha, ordinances giving to it "the right to construct, maintain, and operate street railways" upon certain streets therein named in the city of Waukesha, including Lincoln avenue, with single or double tracks. The ordinances required the defendant to construct and operate its railway line and tracks on the surface of the streets, and not to operate the same for any other purpose than that of a passenger railway within the streets of the city of Waukesha, except that they were thereby permitted to carry such personal effects as were usually carried by passengers on street railways, and that the rate of fare thereon should not exceed five cents for each passenger, except where cars are chartered at a special price or

for a special purpose. Such line of railway and tracks in the city appear to have been constructed as so prescribed by the city. In view of such facts it is very obvious that under the decisions of this court the defendant had the right to maintain its tracks and railway on Lincoln avenue for the purpose of doing a legitimate street-railway business without making compensation to any of the plaintiffs as abutting lot owners. Thus it appears that the decisions of this court culminating in *La Crosse City R. Co. v. Higbee,* 107 Wis. 389, 83 N. W. 701, 51 L. R. A. 923, are to the effect that such electric street railways, constructed and operated as so prescribed, are nothing more than an improved method of using the street to effect its original design. And so it was there held:

"A railroad constructed on the grade of a street, and operated so as not to materially interfere with the common use thereof for public travel by ordinary modes, or with private rights of abutting landowners, and for the purpose of transporting persons from place to place on such street at their reasonable convenience, is not an additional burden on the fee thereof. A railroad satisfies the above essentials, regardless of the motive power used, or how it is applied, if it be strictly a street railroad for the carriage of passengers on the street, taking them on and discharging them at reasonable points, and it be so constructed and operated as not to materially interfere with the ordinary modes of using the street for public travel or with private rights."

2. A very different question, however, is here presented, as appears from the facts stated. It is undisputed that the defendant was incorporated, created, and organized as stated, and before the commencement of this action owned and operated a street railway from the city of Milwaukee westerly through the country to the easterly limits of the city of Waukesha, where it enters Lincoln avenue, and runs thence in a westerly direction through the city of Waukesha, and thence through the country in a northwesterly direction for

a distance of six or seven miles to Waukesha Beach, a summer resort on the shore of Pewaukee Lake. Under the repeated decisions of this court such street railroad upon the public highway between the cities of Milwaukee and Waukesha has been held to be an additional burden, which entitled the abutting landowners to compensation therefor. *Chicago & N. W. R. Co. v. Milwaukee R. & K. E. R. Co.* 95 Wis. 561, 70 N. W. 678, 37 L. R. A. 856; *Zehren v. Milwaukee E. R. & L. Co.* 99 Wis. 83, 74 N. W. 538, 41 L. R. A. 575. In this last case the question was very carefully ·considered, and it was expressly held:

"An electric railway for the carriage of passengers between cities, which is constructed and operated upon a country highway, is an additional burden upon such highway, and its proprietors cannot, even with the permission of the town authorities, granted for the sole purpose of enabling them to do so, cut down the highway so as to seriously impair the rights of an abutting owner to access to his lot, without his consent, or the payment of compensation to him." .See, also, *Krueger v. Wis. Tel Co.* 106 Wis. 96, 103–107, 81 N. W. 1041; *Linden L. Co. v. Milwaukee E. R. & L. Co.* 107 Wis. 493, 511–513, 83 N. W. 851; *Allen v. Clausen,* 114 Wis. 244, 249, 90 N. W. 181.

Of course, the same is true as to the defendant's line of railway from the city of Waukesha to Waukesha Beach. It is conceded that the rule stated is applicable to the whole line from the city of Milwaukee to Waukesha Beach, except within the limits of the city of Waukesha. The defendant claims the right to run its trains and cars from the city of Milwaukee directly through the city of Waukesha and to Waukesha Beach. In doing so it is conceded that, while such trains or cars are interurban, they do cast an additional burden on the lands of abutting owners, which entitles them to compensation; but it is claimed that the moment such trains or cars pass into the city of Waukesha they cease to cast any such additional burden upon the lands of such abut-

ting owners. And yet such trains or cars may be loaded with through passengers. The only difference is that while in the city of Waukesha such trains or cars, in obedience to requirements, stop at street-crossings, whereas in the country they only stop when convenient, or at points remote from each other. Counsel for the defendant argues that as a train or cars with passengers from Milwaukee might, at the city limits of Waukesha, change from such interurban cars to regular street cars, and then at the westerly limits of the city again change into interurban cars, that, therefore, it is substantially the same as though the interurban train or cars should continue with its passengers directly through the city; especially as the ordinance expressly authorized the street railway to connect with the interurban railway. While such argument may be plausible, yet it is really begging the question. It might be argued on the same theory that a commercial railway passenger train, with the permission of the city, might be run over the street railway tracks without compensation to the abutting lot owners. We must hold that the running of such interurban trains and cars over the street railway tracks upon Lincoln avenue was an additional burden upon the lands of the plaintiffs as such abutting lot owners.

3. Counsel for the defendant contend that the question is not properly before us on this appeal; that, if the running of such through cars on Lincoln avenue was improper, then that it was merely an abuse of the defendant's street railway franchise; and that, "if the plaintiffs have any remedy, it is to institute condemnation proceedings." But it was held on the former appeal:

"Prior to the enactment of ch. 465, Laws of 1901, street railway companies had no right to condemn land in the streets of cities or villages; and where a street railway was constructed without authority in such a street the abutting owners might resort to the ordinary actions for relief."

*Younkin v. Milwaukee L., H. & T. Co.* 112 Wis. 15, 19, 87
N. W. 861.

The result is that the only adequate remedy the plaintiffs
had at the time of the commencement of this action was to
restrain the defendant from casting such additional burden
upon their lands as such abutting lot owners; and such right
of action was common to all of them. Id. The facts were
in issue, and all appear in the record, and are undisputed.
The mere fact that the plaintiffs have prayed for relief to
which they are not entitled is no ground for refusing to them
the relief to which they are entitled. This decision must be
regarded as limited to the condition of things at the time
this action was commenced.

*By the Court.*—The judgment of the circuit court is re-
versed, and the cause is remanded, with directions to enter
judgment in favor of the plaintiffs and against the defendant
as indicated in this opinion.