634    SUPREME COURT OF WISCONSIN.    [JAN.

Abbott v. Milwaukee Light, Heat & Traction Co. 126 Wis. 634.

ABBOTT, Respondent, vs. MILWAUKEE LIGHT, HEAT & TRAC-
TION COMPANY, Appellant.

*December 16, 1905—January 9, 1906.*

*Street railways: Urban and interurban traffic: Rights of abutting
owners: Condemnation: Measure of damages: Instructions to
jury: Appeal: Immaterial errors: Exceptions.*

1. A traction company, authorized to construct and operate a street
railway upon a certain city street and to operate an interurban
street railway business over such street, constructed a double-
track railway and operated thereon a combined city and inter-
urban business, all cars running as interurban cars but afford-
ing at the same time transportation to persons within the lim-
its of the city. The company instituted proceedings to condemn
all rights of property which would entitle owners of lots abut-
ting on said street to damages by reason of the construction,
maintenance, and operation of said railroad. *Held,* that for
such appropriation of the street the lotowners were entitled to
compensation under the same rules as in case of a taking for a
commercial railroad.

2. The measure of damages in such a case is the difference, if any,
at the time of filing the award, between the market value of
the premises with the railway located upon it and the market
value at that time freed from the use and burden of the rail-
way.

3. An erroneous instruction in this case, to the effect that the meas-
ure of damages was the difference between the market value
just before the company commenced operating its railway in
1898 and the market value at the time of the award in 1904,
and the admission of evidence of value in 1898, are *held* not
to have been prejudicial, it appearing that the market value
in 1898 was the same as it would have been in 1904 without
the burden of the railway.

4. Instructions to the effect that plaintiff was not entitled to any
damages by reason of the operation of the city street railway
business in the street will be presumed to have been followed
by the jury.

5. A general exception to the refusal to give a large number of re-
quested instructions covering a number of distinct propositions
is not available on appeal.

APPEAL from a judgment of the circuit court for Waukesha
county: JAMES J. DICK, Circuit Judge. *Affirmed.*

This is a condemnation proceeding, instituted by the de-
fendant company, for the purpose of permanently acquiring
the right of way for an interurban railroad over the property
described in the petition. It appears that the defendant is a
corporation duly organized under the laws of Wisconsin and
authorized to construct, maintain, and operate, "by electricity
or other power, street railways for the transportation of pas-
sengers, mail, express, merchandise, and other freight," in
the state of Wisconsin. As such corporation, by grant from
the city of Waukesha, it acquired the right to construct, main-
tain, and operate a street railroad upon Lincoln avenue, a
street of this city, and to operate an interurban street railroad
business over this street. Under the rights so granted the de-
fendant built a single street car track upon Lincoln avenue
in 1898, and thereafter maintained and operated a combined
city and interurban street railroad business thereon until the
year 1900, when, under authority and license duly granted
by the city of Waukesha, it changed the railroad from a sin-
gle-track to a double-track road. It also appears that the city
street railroad service consisted in running interurban cars
or trains over the tracks, carrying interurban passengers, and
that the same cars, at the regular fare for doing a city street
railroad business, afforded transportation to persons within
the limits of the city. The cars made regular stops at cross-
ings, as required by the charter, and no other cars than inter-
urban cars were used for the transportation of passengers
within the city limits, and none of such cars were at any time
devoted exclusively to the street railroad business within the
city. The petition alleges that this proceeding is instituted
"to condemn and permanently appropriate all the rights of
property which would entitle the owners or persons interested
in the lots fronting and abutting upon said Lincoln avenue
. . . to damages by reason of the construction, maintenance,

and operation on said avenue . . . of the double-track railroad authorized by your petitioner's said articles of incorporation and said franchise and as the same has been heretofore constructed and operated."

Appraisers were duly appointed under this proceeding and they, as required by law, filed a report on September 19, 1904, of their award of damages with the clerk of the circuit court. Both parties appealed from such award to the circuit court for Waukesha county, where a trial was had before a jury upon the issues presented on such appeal, and a verdict was rendered awarding plaintiff the sum of $512.50 damages. Judgment was accordingly entered on January 27, 1905, adjudging that plaintiff recover from the defendant the sum of $614.46 as damages and for costs and disbursements. From this judgment defendant appeals, alleging that the court erred in receiving evidence which was objected to by it, and in giving to the jury an incorrect rule of law under which the damages were to be found by them.

For the appellant there was a brief by *Ryan, Merton & Newbury,* attorneys, and a supplemental brief signed also by *Clarke M. Rosecrantz,* of counsel, and oral argument by *T. C. Ryan* and *Mr. Rosecrantz.* They contended, *inter alia,* that, the defendant company being at all times the owner of franchises granted by the city of Waukesha authorizing the laying of the tracks and the operation thereon of cars for street railway purposes within said city, the only damages recoverable were such as were sustained by reason of the operation and running of interurban trains and cars over such *street railway tracks.*

For the respondent there was a brief by *Tullar & Lockney,* and oral argument by *D. S. Tullar.*

SIEBECKER, J.    The principal contention of appellant is that the only ground, if any, upon which respondent can recover is for damages she has suffered, as an abutting prop-

erty owner, on account of the running of interurban trains or
cars over the street railroad tracks placed on Lincoln avenue.
As shown in the statement of facts, appellant has been and is
now operating an interurban street railroad, extending from
the city of Milwaukee to and into the city of Waukesha over
the street in question, and by this proceeding it undertakes to
condemn and permanently appropriate all the rights of prop-
erty which entitle persons interested in property along the
right of way to damages caused by the operation and mainte-
nance of an interurban street railroad business on its double-
track railroad upon this public highway.    It is claimed that
in this proceeding no damages for the taking and appropriat-
ing of a portion of the street as a right of way for the location
of its tracks should be allowed the property owners affected,
since the city has granted the right to defendant to lay such
tracks within the street for conducting a city street railroad
business, and because such occupation of the street by the
tracks is not a servitude additional to those contemplated by
the original dedication or taking of the land for the purposes
of a public highway.    This claim is not well founded.    It
fails to distinguish between the appropriation by a private
corporation of a part of a street for the purpose of conduct-
ing a transportation business, and the general uses of a high-
way "to accommodate the public travel, [and] to afford citi-
zens and strangers an opportunity to pass and repass, on foot
or in vehicles, with such movable property as they may have
occasion to transport."    *Carli v. Stillwater St. R. & T. Co.*
28 Minn. 373, 376, 10 N. W. 205.

This court has held that the operation and maintenance of
street railroads upon the streets within the limits of a city,
for the purposes of accommodating the public travel by aiding
in transporting persons from place to place on such streets,
is a burden contemplated by the original taking of the lands
for street purposes, and that the owner of the land occupied
by the street is not entitled to damages additional to those

awarded to him for the original taking of it for the purposes of a public highway. *Hobart v. Milwaukee C. R. Co.* 27 Wis. 194; *La Crosse C. R. Co. v. Higbee,* 107 Wis. 389, 399, 83 N. W. 701. This use of the streets is classed as one incident to the public easement and is not deemed to be an appropriation of any portion of the street or soil within its boundaries for any purposes other than those to which it is devoted by the public generally. It is also well recognized that the grant to a person or corporation of a right to occupy the land within a street for any public purpose, whereby it is devoted to purposes other than those of a public highway, is an additional servitude upon the soil for which the owner is entitled to compensation. *Chicago & N. W. R. Co. v. M., R. & K. E. R. Co.* 95 Wis. 561, 70 N. W. 678, and cases cited; *Zehren v. Milwaukee E. R. & L. Co.* 99 Wis. 83, 74 N. W. 538; *La Crosse C. R. Co. v. Higbee, supra.* Within the scope of this principle it was held that defendant's right to maintain and operate an interurban street railroad business upon the street in question constituted a right different from the right of passage by the public, and that such grant gave it the exclusive privilege, conformably to its grant and the regulations prescribed by the municipality, of using the portion of the street necessary for the conduct of its business, and that for this it would be required to make compensation to the several abutting property owners. *Younkin v. Milwaukee L., H. & T. Co.* 120 Wis. 477, 98 N. W. 215. Since this use is in no way predicated on the public right to the use of the street, defendant can so occupy it under no other authority than the one granted to it as an agency for conducting a transportation business, in accordance with which it may condemn property to secure a right of way. In these respects its rights and liabilities are like those of a commercial railroad, and when to conduct its interurban railroad business it appropriated the street in front of plaintiff's property it was a taking of plaintiff's private property for a public purpose, for which she is

entitled to compensation under the rules governing the exercise of this right by commercial railroads. The extent of such rights and liabilities is established in many decisions of this court, among which may be cited *Ford v. C. & N. W. R. Co.* 14 Wis. 609; *Pomeroy v. M. & C. R. Co.* 16 Wis. 640; *Buchner v. C., M. & N. W. R. Co.* 60 Wis. 264, 19 N. W. 56. In its legal effect the proceeding instituted by the defendant company is an assertion by it as an interurban street railroad of the rights granted by secs. 1862, 1863a, Stats. 1898, under which, pursuant to the privileges granted by the city of Waukesha to occupy the street in question, it may acquire the right of way for its road and thus, for the purpose of conducting its transportation business, obtain a perpetual interest in the real estate of the plaintiff. It is obvious that this action of the defendant is not based on any rights or privileges which have been bestowed on it by the city for affording facilities to persons to pass and repass on the streets as a public highway, but that it is taking property under the power of eminent domain, for which it must indemnify plaintiff. This conclusion negatives the main contention of the defendant on this appeal.

Error is assigned upon the admission of testimony bearing on the measure of damages, and on the giving of an instruction to the effect that the measure of damages was the difference between the market value of plaintiff's abutting property just before the defendant commenced conducting its interurban business upon the street and its market value in September, 1904, when the award of damages was made by the commissioners. The defendant commenced operating this railroad in 1898. The true rule is as claimed, that the measure of damages is the difference, if any, at the time of the filing of the commissioners' award, between the market value of the premises with the road located upon it and the market value at that time freed from the use and burden of the road. The erroneous statement of the rule by the court to the jury

and the admission of evidence of the value in 1898 did not, however, prejudice defendant under the circumstances shown, for the reason that the market value of the property, as shown by the evidence covering the period prior to the filing of the award, was substantially the same as it would have been in September, 1904, without the burden of the railroad. *Lyon v. Green Bay & M. R. Co.* 42 Wis. 538; *West v. Milwaukee, L. S. & W. R. Co.* 56 Wis. 318, 14 N. W. 292; *Milwaukee & M. R. Co. v. Eble,* 3 Pin. 334.

It is also claimed that under the directions given the jury they probably included whatever damages plaintiff suffered by reason of the operation of a city street railroad in this street. An examination of the instructions reveals that the court expressly and repeatedly instructed the jury that plaintiff was not entitled to any damages due to the conduct of such street railroad business. It must be presumed that the jury followed the instructions of the court in this particular. We do not consider the damages to be excessive, as claimed by the defendant. The evidence adduced abundantly supports the verdict.

A large number of instructions requested by defendant and covering a number of distinct propositions were refused by the court. To these refusals a general exception was taken. Under such circumstances the exception does not avail to present questions for review. *Lowe v. Ring,* 123 Wis. 370, 101 N. W. 698. The exceptions taken to the instructions given and preserved and argued on this appeal are hereinbefore sufficiently covered in so far as they require specific consideration. They have been examined, and we find no prejudicial error in the record.

*By the Court.*—Judgment affirmed.