HENRY, Appellant, vs. CITY OF LA CROSSE and others, Re-
spondents.

*March 16—June 12, 1917.*

*Viaduct over railway tracks: Construction by order of railroad com-*
*mission: When abutting owners entitled to damages: Street rail-*
*way not an additional burden: Municipal corporations: Change*
*of grade of street.*

1. The state railroad commission has power to order the construc-
   tion of a viaduct by a railway company over its tracks, and
   such company has the right to construct it in compliance with
   such order.
2. Extension of the tracks of a street railway company over such
   viaduct and operation of its cars thereon do not constitute an
   additional burden entitling abutting property owners to dam-
   ages.
3. A provision in the order of the commission to the effect that the
   city in which the viaduct was to be built should "assume re-
   sponsibility for any alleged damage to adjacent property or busi-
   ness caused by the issuance or enforcement of this order, or by
   the proper prosecution of the work," did not create or attempt to
   create any liability to abutting owners for change of grade, other
   than that provided by law.
4. Where a change of the grade of a street is made by authority of
   law and with due care the municipality making the change is
   not liable for consequential injury to abutting lots, unless ex-
   pressly made so by statute or the constitution.
5. The grade of a street was established by city ordinance in 1883,
   and a viaduct was constructed over railway tracks in the street,
   but not at the exact grade then established. In 1913 the old
   viaduct was torn down and a new one was constructed, pursuant
   to an order of the railroad commission, at the grade established
   by the ordinance of 1883, which had never been changed and
   was at this time reaffirmed by ordinance. *Held*, that the new
   viaduct was built on a "permanently established grade," within
   the meaning of sec. 925—172, Stats. (which section the city had
   in the meantime adopted), and· hence that there was no liabil-
   ity to abutting property owners although it was not built on the
   same grade as the old viaduct.

APPEAL from a judgment of the circuit court for La Crosse
county: E. C. HIGBEE, Circuit Judge. *Affirmed.*

This is an appeal to the circuit court from the determination of the board of public works and the common council of the city of *La Crosse* awarding damages to abutting owners on account of the construction of a viaduct over the tracks of the *Chicago, Milwaukee & St. Paul Railway Company* on Rose street in said city in accordance with an order of the railroad commission of Wisconsin.

After the case was appealed to the circuit court the *Chicago, Milwaukee & St. Paul Railway Company* and the *Wisconsin Railway, Light and Power Company,* owner of the street railway, were impleaded as defendants. There were general objections to the jurisdiction of the court. The pleadings were changed and amended so as to charge one or all of the defendants in the matter with damages to abutting owners. The question of plaintiff's damages was submitted to the jury and they found $350.

The court found as follows:

"(1) That the city of *La Crosse* is a municipal corporation and that the *Chicago, Milwaukee & St. Paul Railway Company* and the *Wisconsin Railway, Light and Power Company* are railroad corporations organized and operating under the laws of the state of Wisconsin.

"(2) That Rose street is a public street in the city of *La Crosse,* Wisconsin, running north and south in the city of *La Crosse,* and that the *Chicago, Milwaukee & St. Paul Railway Company* maintains and operates a system of main and side tracks through this city, intersecting Rose street.

"(3) That in the year of 1883, because of the danger incident to the crossing of defendant's tracks with Rose street at grade, the city of *La Crosse* entered into an agreement with the defendant *Chicago, Milwaukee & St. Paul Railway Company* by which said company undertook to erect and maintain a viaduct over its tracks at Rose street upon condition that the city construct and maintain the approaches thereto, and pursuant to such agreement a viaduct was in fact so constructed.

"(4) That preliminary to the construction of such viaduct the city of *La Crosse,* by an ordinance duly adopted, established the grade upon Rose street from Gould street on the

south to Hagar street on the north, in terms and figures as
follows, to wit:

Center line of Gould street ............................. 48    feet
Center line of Island street ............................. 64.10 feet
Sixteen feet south of south line of right of way of Chi-.
   cago, Milwaukee & St. Paul Railway ................ 69.19 feet
Sixteen feet north of line of right of way of Chicago, Mil-
   waukee & St. Paul Railway ........................ 69.19 feet
Center of Hagar street ................................. 53.50 feet
Center line of St. Andrew street ...................... 66.25 feet

"(5) That upon the construction of such viaduct in 1883
the approaches thereto were not in fact built upon the grade so
established by the city of *La Crosse,* but upon a short, sharp
grade, leading to the floor of such viaduct.

. "(6) That in 1912 such original viaduct became dangerous
and unsafe for public travel, and by order of the railroad com-
mission of Wisconsin it was condemned and Rose street
closed to travel, but thereafter in November, 1913, the rail-
road commission ordered the construction of a new viaduct,
in accordance with plans and specifications approved by the
railroad commission, which apportioned the expense of con-
struction between the parties defendant as follows:

"Sixty per cent. to be paid by the *Chicago, Milwaukee &
St. Paul Railroad Company;*

"Twenty-five per cent. to be paid by the city of *La Crosse;*

"Fifteen per cent. to be paid by the *Wisconsin Railway,
Light and Power Company.*

. "(7) That such new viaduct and its approaches were
thereupon constructed by the defendant *Chicago, Milwaukee
& St. Paul Railway Company,* in accordance with said plans
and specifications, and the approaches thereto, pursuant to
said plans, were built upon the grades established for Rose
street by the city of *La Crosse* in 1882, as hereinabove found,
except that such approaches do not occupy the entire width of
the street, but leave a roadway nine feet wide, level with the
abutting property, on each side of said approaches between it
and the curbs of Rose street.

"(8) That by direction of the railroad commission of Wis-
consin in its order of November, 1913, the city of *La Crosse*
instituted proceedings to assess the damages claimed to result
to abutting property by reason of the building of such viaduct,
and ·although said city disclaimed any liability it conducted

proceedings to determine such damages as for a change of the grade of Rose street at the expense of abutting property, as a result of which amounts were conditionally allowed to the property owners by the city of *La Crosse,* and from the particular conditional award to the plaintiff herein said plaintiff, *Nettie Henry,* has appealed to this court.

"(9) That Rose street has never been improved at the expense of abutting property.

"(10) That at no time prior to the construction of the new viaduct in 1913 has Rose street been graded to the established grade."

The court concluded:

"(1) That by the construction of the new viaduct the grade at Rose street has not been changed.

"(2) That the defendants are entitled to judgment in their favor upon the merits of this action, notwithstanding the verdict of the jury."

Judgment was entered accordingly, from which this appeal was taken.

*Frank Winter* of La Crosse, for the appellant.

*Jesse E. Higbee* of La Crosse, for the respondent *City of La Crosse.*

For the respondent *Chicago, Milwaukee & St. Paul Railway Company* there was a brief by *Paul W. Mahoney* of La Crosse and *C. H. Van Alstine* and *H. J. Killilea,* both of Milwaukee, and oral argument by *Mr. Mahoney.*

For the respondent *Wisconsin Railway, Light and Power Company* there was a brief by *George H. Gordon, Law & Gordon* of La Crosse, and oral argument by *George H. Gordon.*

The following opinion was filed April 4, 1917:

KERWIN, J. It appears without dispute that the railroad of the defendant *Chicago, Milwaukee & St. Paul Railway Company* was constructed at grade across Rose street in the city of *La Crosse* in 1856. Mill street is parallel and ad-

jacent to Rose street.    Each of these streets is and was for a
long time prior to 1882 covered by a network of railroad
tracks.    In 1883 a viaduct was built by authority of law at
the Rose-street crossing of defendant *Chicago, Milwaukee &
St. Paul Railway Company.*    So for more than thirty years
prior to the building of the new viaduct in 1913 there had
been a separation of grades at Rose street, the floor of the via-
duct being about twenty-two feet above the level of the rail-
road tracks and reached by abrupt paved approaches in Rose
street.    In 1913, on account of accidents at the Mill-street
grade crossing, the railroad commission of Wisconsin duly
ordered that the street railway tracks be removed from Mill
to Rose street; that a new viaduct be constructed in place of
the old Rose-street timber structure and the street railway
tracks built over it.    The order of the railroad commission
further provided that the defendant *Chicago, Milwaukee &
St. Paul Railway Company* should construct the new viaduct
in accordance with approved plans.    The approaches to the
floor of the new viaduct are less abrupt and longer than those
of the old viaduct, although the floor of the new viaduct is on
the same level as that of the old structure. .

The order of the railroad commission provided for the ap-
portionment of the expense of construction and maintenance
of the new viaduct, and pursuant to this order the defendant
*Chicago, Milwaukee & St. Paul Railway Company* tore
down the old structure and erected the new with longer,
paved approaches.    A nine-foot roadway is left on each side
of the approaches at the same level as the abutting property.
The approaches are claimed by plaintiff to be an additional
burden.

The railroad commission ordered that the defendant city
pay damages which might result from the work of the new
structure.    While the city disclaimed any liability for dam-
age to abutting owners, it went through the form of ascer-
taining the same, but expressly refused to pay any damages

to abutting owners on the ground, among others, that the building of the viaduct did not result in the change of a permanently established grade.

No part of the expense of the viaduct was charged to abutting owners. The grade was established by ordinance in 1883 when the first viaduct was built and never changed, as found by the court below. All the findings are well supported, and we shall spend no time discussing the evidence.

The main question involved is whether any of the defendants is liable for damages to abutting property on account of the construction of the viaduct.

The court below held that, since there was no change of an established grade by the construction of the viaduct, the abutting owners were not entitled to damages against any of defendants.

The railroad commission of the state of Wisconsin had power to order the construction of the viaduct and the defendant *Chicago, Milwaukee & St. Paul Railway Company* the right to construct it in compliance with the order of the railroad commission. *Milwaukee v. Railroad Comm.* 162 Wis. 127, 155 N. W. 948. The extension of the track of defendant *Wisconsin Railway, Light and Power Company* over the right of way and operation of cars thereon was not an additional burden, hence did not entitle the abutting owners to damages. *La Crosse City R. Co. v. Higbee,* 107 Wis. 389, 83 N. W. 701; *Hobart v. Milwaukee City R. Co.* 27 Wis. 194; *Younkin v. Milwaukee L., H. & T. Co.* 120 Wis. 477, 98 N. W. 215.

It is a well settled rule that where a change of grade is made by authority of law and with due care the municipality making the change is not liable for consequential injury to abutting lots, unless expressly made so by statute or the constitution. *Drummond v. Eau Claire,* 85 Wis. 556, 55 N. W. 1028; *Colclough v. Milwaukee,* 92 Wis. 182, 65 N. W. 1039;

*Harrison v. Milwaukee Co.* 51 Wis. 645, 8 N. W. 731; *Lier-
mann v. Milwaukee,* 132 Wis. 628, 113 N. W. 65.

It is clear that the provisions in the order of the railroad
commission providing for the building of the viaduct to the
effect that the defendant city should "assume responsibility
for any alleged damage to adjacent property or business
caused by the issuance or enforcement of this order, or by the
proper prosecution of the work," did not create or attempt to
create any liability to abutting owners for change of grade
other than that provided by law.

In 1883, when the grade of Rose street was established,
the city of *La Crosse* was operating under a special charter
(ch. 135, Laws 1876), which contained no provision for pay-
ment of damages to owners of abutting property on account
of change of grade of streets, and there was no general statute
at that time imposing such liability. So at the time the
grade of Rose street was established in 1883 the city had the
right to change or alter any prior established grade without
compensation to abutting owners. *Harrison v. Milwaukee
Co., supra; Colclough v. Milwaukee, supra.*

It is true that in 1901 the city of *La Crosse* adopted secs.
925—172 and 925—178, Stats., relating to establishing
grades, but the evidence shows conclusively, and the court
below found, that the new viaduct was built on the grade es-
tablished by the ordinance of 1883, hence there was no change
of grade after 1883.

Some argument is made that the so-called "paper grade"
made by the ordinance of 1883 was not a "permanently es-
tablished grade" within the meaning of sec. 925—172, there-
fore a permanently established grade, within the meaning of
the statute, was not established until the new viaduct was
built. This contention would lead to the conclusion that
there was at no time a change of the established grade.

The so-called "paper grade" was definitely established by

ordinance of the common council, duly passed at the time the old viaduct was constructed, and established the grade upon Rose street from Gould street on the south to Hagar street on the north. But, as found by the court, Rose street at no time prior to the construction of the new viaduct in 1913 was graded to the established grade at all points. The ordinance passed at the time the new viaduct was built reaffirmed the grade as established by the ordinance passed when the old viaduct was built, and the new viaduct was built according to such grade.

It follows that upon no theory of the case was there a change of the established grade, hence no liability on the part of any of the defendants to abutting owners.

*By the Court.*—The judgment is affirmed.

A motion for a rehearing was denied, with $25 costs, on June 12, 1917.