VAN HECKE, Respondent, vs. CITY OF STEVENS POINT, Appellant.

*April 10—May 6, 1924.*

*Municipal corporations: Ordinance establishing grade of street: Reasonableness: Conformity to best engineering practice: Validity: Change in grade: How effected: Improvements not conforming to grade: Damage to abutting owner: Amount: Moot questions.*

1. Ordinances which are unreasonable may be declared void; but an ordinance establishing a street grade cannot be so declared merely because it fails to conform to best engineering practice, as where it provides for a fall of one tenth of a foot in approximately 287 feet. p. 656.
2. Where the common council of a city, without intending to change the established grade of a street under the power conferred by sub. (2) (a) and (b), sec. 62.16, Stats., adopted plans and specifications authorizing paving on a different grade, the grade was not legally changed, and an abutting owner was entitled to recover any damages caused by constructing the improvement above the established grade. p. 658.

3. There having been no change in the established grade of the street causing damages to an abutting owner, sec. 62.16, Stats., providing for an appeal from an assessment of benefits and damages, was inapplicable, and he was entitled to sue for the damages sustained.   p. 658.

4. While the general charter law does not provide how the power of the common council shall be .exercised, whether by ordinance or resolution, there must, in order to effect a change in the grade of a street, be a reasonably clear exercise of the power conferred.   p. 658.

5. On appeal from a judgment on a verdict for damages caused by a street improvement, this court will not disturb the determination of the jury, approved by the trial court, though the damages appear to be high.   p. 658.

6. It being conceded that the question whether counsel made an improper argument to the jury is not material in this case, the court will not determine the question as a guide in future actions, as it has power only to declare the law in cases pending before it.   p. 659.

APPEAL from a judgment of the circuit court for Portage county: BYRON B. PARK, Circuit Judge. *Affirmed.*

Damages for change of grade.   By general ordinance adopted in 1898 the city of *Stevens Point* established the grade of certain streets, among which was Brawley street. Brawley street runs substantially east and west.   Elk street intersects it at right angles.   The plaintiff's property is located at the intersection of Brawley and Elk streets and is on the easterly side of Elk street and on the south side of Brawley street.   Upon his property the plaintiff had constructed a house which in its construction conformed to the established grade.   On March 7, 1922, the common council, pursuant to the provisions of sec. 62.16, Stats., adopted an ordinance approving certain plans and specifications for the improvement of Brawley street, including that part thereof adjacent to the plaintiff's premises.   Pursuant to the terms of such ordinance, the board of public works viewed the premises and determined the damages and benefits which would accrue to each parcel of real estate.   This report was filed with the common council.   The assessment was adopted

and approved by the common council on the 6th day of September, 1922. The work of improving the street adjoining plaintiff's premises was completed before the end of the month of September. When the curb was constructed, in the course of making the improvement, it was built seventy-six hundredths of a foot higher than the established grade.

This action was brought to recover damages sustained by the plaintiff by reason of the failure of the city to build the improvement upon the established grade. The question of damages was submitted to the jury, the court made some additional findings of fact and conclusions of law, and from the judgment rendered thereon in favor of the plaintiff the defendant city appeals.

*W. E. Atwell* and *L. N. Jenkins* of Stevens Point, for the appellant.

For the respondent there was a brief by *Fisher & Cashin* of Stevens Point, and oral argument by *W. E. Fisher*.

ROSENBERRY, J. It is urged first that the ordinance of 1898 establishing the grade of Brawley street is void; second, that the common council, by the adoption of the plans and specifications, legally changed the grade of Brawley street; third, that the appeal provided by sec. 62.16, Stats., was exclusive of all other remedies and for that reason the plaintiff is not entitled to maintain this action; fourth, that the damages are excessive; fifth, improper argument of counsel.

(1) It is the claim of the city that the original grade provided for a fall of one tenth of a foot in approximately 287 feet and for that reason the ordinance of 1898 is void. We are cited to no case and we find none which sustains the city's position. Ordinances which are unreasonable may be declared void, but it is not within the province of a court to declare an ordinance void merely because it fails to conform to the best engineering practice. Under our laws the

power of municipal corporations in the matter of establishing grades is very broad. *Henry v. La Crosse,* 165 Wis. 625, 162 N. W. 174, and cases cited.

(2) It is claimed that by the adoption of the plans and specifications for the improvement the common council legally changed the grade of Brawley street. It appears that as a part of the plans and specifications there was a blue-print tracing showing by a dotted line the then present elevation of the street, and by a continuous line the proposed elevation of the street to be constructed, and as a part of the tracing there was a profile showing the exact elevations of the various parts of the street, the per. cent. of grade, and the grade at the intersection of Brawley and Elk streets. There was nothing in the records of the council to indicate any intention or purpose on the part of the common council to change the grade of Brawley street. If it was changed, it was changed because the plans and specifications required the pavement to be constructed at a different grade than that established by the ordinance of 1898.

Sub. (2), sec. 62.16, provides:

"(a) The council shall have authority to establish the grade of all streets and alleys in the city, and to change and re-establish the same as it may deem expedient. Whenever it shall change or alter the permanently established grade of any street any person thereby sustaining damages to his property on such street shall have a right to recover such damages in the manner set forth in this chapter.

"(b) The grade of all streets shall be established and described, and the adoption of such grades and all alterations thereof shall be recorded by the city clerk. . . ."

It appears that the engineer, in the drafting of the plans and specifications applicable to Brawley street, adopted a different datum than that upon which the grade of the streets was established by the ordinance of 1898. While it is possible by examination of the records and computations to discover the relation of the datum of the ordinance of 1898 to the datum upon which the plans and specifications

were based, it is not discernible by an inspection of the plans and specifications. The claim is made that by the adoption of the plans and specifications the grade of Brawley street was thereby changed. Apparently the council did not know that it had changed the grade of the street. It did not order the board of public works, under the provisions of sub. (6) of sec. 62.16, "to view the premises and determine the damages and benefits which will accrue to each parcel of real estate by such change or alteration of grade." It did, however, direct the board of public works to view the premises and determine all the damages and benefits which will accrue to each parcel of real estate by the paving of the street. While the general charter law does not provide how the power of the common council shall be exercised, whether by ordinance or resolution, there must, in order to effect so substantial a matter as a change in a grade of a street, be a reasonably clear exercise of the power conferred upon the council in some way. It is apparent from the record that the council never attempted to change the grade of the street in the exercise of the power conferred upon it. What it did do was to authorize the construction of the improvement on a grade other than that duly established. The plaintiff was therefore entitled to recover any damage sustained by him by reason of the wrongful act of the city in constructing the improvement above that of the established grade. *Drummond v. Eau Claire,* 85 Wis. 556, 55 N. W. 1028.

(3) There having been no change in the established grade of the street, the provisions of sec. 62.16 are not applicable. The council having taken no steps to change the grade of Brawley street, there could have been no assessment of benefits and damages by the board of public works nor confirmation thereof by the council or any determination from which the plaintiff might have appealed.

(4) While the damages appear to be high, the matter was carefully reviewed by the trial court, who was entirely familiar with the situation and the evidence, and we do not

feel that the determination of the jury so approved by the trial court should be disturbed.

(5) Complaint is made because counsel for plaintiff in his argument to the jury contended that plaintiff was enti-. tled to recover because the grade of Elk street would necessarily have to conform to the grade upon which the permanent improvement of Brawley street was built and that that fact should be considered by the jury, the contention of the defendant city being that damages on that account could only be considered when Elk street was improved. It is conceded that the question is not material in this case, but we are asked to determine this question as a guide in future actions. This we cannot do. The court has power to declare the law in cases pending before it and has no power to decide cases not before it.

*By the Court.*—Judgment affirmed.