McDONALD and wife, Appellants, v. CITY OF DE PERE, Respondent.

*September 8—October 6, 1959.*

For the appellants there was a brief by *Evrard, Evrard, Duffy, Holman & Faulds* of Green Bay, and oral argument by *James R. Faulds.*

For the respondent there was a brief and oral argument by *Albert S. Vanden Heuvel,* city attorney.

CURRIE, J.    Sec. 62.16 (1), Stats., provides that a property owner may maintain an action against a city to recover the damages sustained to his property as a result of the common council of the city changing the "permanently established grade of any street." Here the plaintiffs' claim for damages arises by reason of an alleged change in grade of a public sidewalk. However, such a sidewalk lies within the boundaries of the street and the statute embraces a change in grade of such sidewalk. *Worth v. Westfield* (N. J. 1913), 90 Atl. 727, and Anno. 156 A. L. R. 416, 420.

While the common council of the defendant city had by ordinance in 1908 established a grade for such sidewalk there is no evidence that any walk had ever been constructed at the level thereby prescribed. Therefore, such 1908 grade is what is termed by the authorities as a "paper" grade. The present public sidewalk, which conforms to the newly established grade of 1953, is but two and one-fourth inches higher than the 1908 grade at the south boundary of the plaintiffs' premises and at a point a short distance north of the south private driveway the 1908 grade crosses the 1953 grade so that at the north end of the plaintiffs' property the new public sidewalk is lower than the 1908 grade, although still approximately six inches higher than the grade of the prior-existing sidewalk. The plaintiffs make no claim that the established grade was lowered, but base their damages entirely on the claim that it was raised. The city engineer testified that, if the plaintiffs' private walk or driveways had been built at the level of the 1908 grade, only minor changes would have had to have been made in order to conform them to the new 1953 grade.

The plaintiffs contend that the two grades, between which a comparison is to be made in order to establish their damages, are the actual grade of the public sidewalk as it existed prior to 1953 and the newly established 1953 grade. If the

plaintiffs be correct in this premise, then the evidence without dispute establishes their minimum damages to have been $960.35. While the true measure of damages is the value of the property immediately before and after the change in grade, the cost to the owners of replacing improvements to make the property usable is material evidence of such difference. *Milwaukee Trust Co. v. Milwaukee* (1912), 151 Wis. 224, 138 N. W. 707.

On the other hand, the defendant city takes the position that the comparison to be made is between the 1908 paper grade and the newly established 1953 grade, so that the actual grade of the public sidewalk as it existed prior to the undertaking of the 1953 improvement is immaterial. Inasmuch as the plaintiffs' damages would be very much less, if this be the test, we have searched the record in vain for any evidence showing what such damages would amount to. The defendant city maintains that in finding no damages the jury acquiesced in the defendant's theory that the change in grade giving rise to the plaintiffs' cause of action was that between the 1908 paper grade and the newly established 1953 grade. It is defendant's further position that the jury was warranted in finding no damages because the plaintiff had failed to offer any proof based upon a change in grade grounded upon the 1908 grade.

Apparently the two private driveways and the private sidewalk leading to the house had been built by a predecessor in title of the plaintiffs to conform to the level of the previously constructed public sidewalk. There is no direct testimony in the record to this effect, but this is the inference we gain from reading the record. There is also a complete lack of any evidence as to whether the city had built, or exercised any control over the building of, this public sidewalk which was replaced by the 1953–1954 construction project. However, we take judicial notice of the fact that it is the usual

practice for cities to either directly build public sidewalks, or to prescribe the levels at which the same are to be built if the work is done by the property owners or their contractors. Whether this was the case here can only be determined by a new trial.

This brings us to what we consider to be the controlling question in this case: If a city establishes a paper grade for a sidewalk and then is responsible for the sidewalk's being built at a level materially different from such established grade, is the city estopped from asserting that the previously established paper grade is different from the actual grade of the walk as against a property owner, who makes improvements to his property in reliance upon such actual grade being the established grade, and suffers damages because such grade is subsequently changed by the city? This issue was not litigated in the trial below.

The authorities are clear that the mere establishment by ordinance of a paper grade changing an existing grade will not, in itself, give rise to an action for damages. 18 Am. Jur., Eminent Domain, p. 852, sec. 219. However, if, after a paper grade is established, a landowner makes improvements to his property in reliance upon such grade, and then such grade is changed and a street or public sidewalk is improved or built according to the newly established grade, a cause of action does accrue to the damaged property owner grounded upon estoppel. *Spokane v. Ladies' Benevolent Society* (1915), 83 Wash. 382, 145 Pac. 443, Ann. Cas. 1916 E, 367. See also *Ressegieu v. Sioux City* (1895), 94 Iowa 543, 63 N. W. 184, 28 L. R. A. 389, and *Manning v. Shreveport* (1907), 119 La. 1044, 44 So. 882, 13 L. R. A. (N. S.) 452.

This court applied the doctrine of estoppel in a change-of-grade case in *Goodrich v. Milwaukee* (1869), 24 Wis. 422. In that case the street had been paved by the city at the ex-

pense of the lot owners, and it was held that the city was estopped to regrade without paying damages to such lot owners.

In *Abbot v. Milwaukee* (7th Cir. 1916), 150 C.C.A. 3, 236 Fed. 671, the city had established a street grade in 1873. The street was then graded in 1874 and there was no evidence adduced that, as originally graded, the level did not conform to such established grade. Thereafter, the street gradually wore down or eroded, so that the level was materially lowered. After such lowering of the level, a predecessor in title of the plaintiff constructed a building on adjoining land in conformity to the then level of the street. In 1912, the common council ordered that the street be repaved and a sidewalk laid in accordance with the grade established in 1873. The court held that the plaintiff could not be allowed the damages which would be sustained in conforming the building to the raised level of the street as repaved.

The opinion in *Abbott v. Milwaukee, supra,* stressed the fact that there was no evidence of any affirmative act by the city recognizing the lowered level of the street, which existed when the building was erected conforming to such level, so that the doctrine of estoppel did not apply. The inference to be drawn from this is that, if the city had improved the street at such lower level, estoppel might apply. If in the instant case, the public sidewalk, which existed on the premises when the plaintiffs bought the same in 1941, had been built by or at the direction of the city at its then existing level, then the city ought to be estopped from claiming that the 1908 paper grade was higher than such level. There was direct testimony that there had been no lowering of the level of such walk from 1941 to 1953.

At first blush the case of *Henry v. La Crosse* (1917), 165 Wis. 625, 162 N. W. 174, might appear to preclude recovery by the plaintiff. There a paper grade was established in 1883 for the approaches to a viaduct over a rail-

road. However, when constructed, the approaches were shorter and steeper than planned so that they were actually lower than the established grade except where they reached the level of the viaduct. In 1912, pursuant to an order of the railroad commission, the old viaduct was torn down and a new viaduct and approaches constructed. An ordinance had been passed requiring the new approaches to be constructed at the grade established in 1883, and they were so constructed. The board of public works and common council awarded damages based upon a change of grade. On appeal to the circuit court it was held that there had been no change in grade, and the supreme court affirmed.

The distinguishing feature between *Henry v. La Crosse, supra,* and the instant case is that in the former there is no evidence that the affected landowners had made any improvements to their property in reliance upon the actual grade of the original approaches constituting the established grade. Therefore, there was no basis whatever for invoking estoppel.

This court has previously held in *Van Hecke v. Stevens Point* (1924), 183 Wis. 654, 198 N. W. 732, that an adjoining landowner may hold a city liable in damages in a situation where he builds an improvement in conformity with an established paper grade of a street and then the city later paves the street at a different level. This recognizes the principle that a city may make itself liable if it constructs a public improvement at a different level than the previously established paper grade for the same. In the instant case apparently the adjoining landowner built improvements on his land to conform to the level of a public improvement constructed at a lower level than the established grade therefor. We consider that in such a situation, where the adjoining landowner has acted to his prejudice in reliance upon the city's action, the city should be estopped to deny that such public improvement was built at the level of the previously established grade therefor.

We deem that in the interest of justice we should invoke the discretionary power vested in us by sec. 251.09, Stats., and direct a new trial because the real controversy between the parties has not been fully tried.

*By the Court.*—Judgment reversed, and cause remanded for a new trial not inconsistent with this opinion.